## STANDARD PIPE LINE COMPANY *v.* MILLER COUNTY HIGHWAY & BRIDGE DISTRICT

No. 577. Argued April 20, 1928.—Decided May 14, 1928.

*Mr. Wm. H. Arnold,* with whom *Messrs. T. M. Milling, W. H. Arnold, Jr.,* and *David C. Arnold* were on the brief, for petitioner.

Mr. *Henry Moore, Jr.,* for respondent.

MR. JUSTICE McREYNOLDS announced the opinion of the Court.

This suit, begun in the United States District Court, Western District of Arkansas, May 21, 1924, seeks an injunction to restrain the Miller County Highway & Bridge District from attempting to collect road improvement taxes upon petitioner's property.

Apparently, petitioner—complainant in the original bill—owns twenty-five miles of pipe, laid in two parallel and adjacent lines through respondent District used for interstate transportation of oil; also, for use in connec-

tion therewith, some miles of telegraph and telephone wire, of small value, strung upon leased poles. The total average original cost of the pipe lines (constructed partly in 1909 and partly in 1915) was less than $9,000 per mile. The officers of the District seem to have assessed benefits to be received by all this property from proposed improvements to highways at $60,000. Claiming that the assessment was "wholly unwarranted, unlawful, grossly disproportionate and palpably arbitrary and in discrimination against the property," the bill asked for an injunction, etc.

After answer much proof was taken. The District Court made the following findings of fact and law—

1. That the construction of the highway has not added anything and will add nothing to the value of the property of plaintiff taxed for its construction and maintenance.

2. The construction of the highway of defendant has not added and will not add anything to the revenue which is obtained by plaintiff by the transportation of oil through its pipe lines.

3. The levy of a tax of $5,000.00 a mile upon plaintiff's right of way, the pipe line and telegraph and telephone wires and lines in the Miller County Highway and Bridge District, is not laid upon the same plan that is followed with regard to other lands in the district.

4. The levy of $5,000.00 a mile is palpably arbitrary.

5. The alleged benefit to plaintiff's property by the construction of the highway is speculative and conjectural.

6. Plaintiff is not estopped from maintaining this suit.

7. The Act of the Legislature of Arkansas purporting to validate generally the levy of the tax made by the defendant upon the property in the District is not effective to validate the levy upon plaintiff's right of way and pipe lines, because as to plaintiff's property, such levy is arbitrary.

And upon these findings it ordered an injunction as prayed.

The Circuit Court of Appeals rendered a written opinion April 18, 1927, wherein it held that the pipe lines were real property subject to assessment for benefits like other realty, and that the evidence indicated petitioner's lines received some benefit from the improved highways. Also "That the procedure by which the value of the particular property of the appellee was arrived at and the amount of the benefits determined, does not commend itself to us as altogether fair, nor is the tax imposed against appellee entirely equitable as between it and other property owners within the district; but this, standing alone, is not decisive of the question." After citing a number of cases decided here and in the lower federal courts it further said—"The tendency of these very late authorities is to greatly narrow the constitutional grounds of objection to assessments of this character. They forbid us to weigh the benefits against the burdens, and require us to hold in the instant case that under all the circumstances there was sufficient justification for the legislative determination that appellee's property was benefited." It made no ruling upon the claim set up by the District that as petitioner had failed to avail itself of the appeal to Commissioners, provided by the statute, it could not maintain the bill.

While it may be that the pipe lines received some small benefit from the road improvements, we regard the assessment actually made against them as arbitary and unreasonable in amount.

The Circuit Court of Appeals announced its conclusion without knowledge of our opinion in *Road Improvement District No. 1, etc.* v. *Missouri Pacific R. R. Co.*, 274 U. S. 188. Its opinion indicates that if our views there stated had been known, a different conclusion might have been reached. In the circumstances, it seems

best to reverse the challenged decree and remand 'the cause to the Circuit Court of Appeals for a. new hearing, as though upon the original appeal; and for such other action as may be necessary properly to protect the rights of the parties.

*Reversed..*