## HOLST *v.* CITY OF LaGRANGE.

No. 8761. AUGUST 13, 1932.

*Duke Davis,* for plaintiff. *Lovejoy & Mayer,* for defendant.

BELL, J. Mrs. Charles Holst filed a petition against the City of LaGrange, a municipal corporation, seeking an injunction against the enforcement of a street-paving assessment. The defendant demurred upon the grounds that the petition failed to set forth a cause of action, and that the plaintiff had a complete and adequate remedy at law. The judge sustained the demurrer and dismissed the petition, and the plaintiff excepted. The petition alleged the following facts: The plaintiff is the owner of a described lot of land in the City of LaGrange, situated at an intersection of two streets or thoroughfares known as Windsor Avenue and Waverly Place. The lot abuts upon Windsor Avenue for a distance of 80 feet and upon Waverly Place 180 feet, making a total of 260 feet. The plaintiff for want of information can not allege when the paving was caused to be done by the defendant, but the defendant noti-

fied her, on or about May 8, 1930, that an assessment had been made against her property in the sum of $254.41 for the paving on Windsor Avenue, and in the sum of $723.39 for the paving on Waverly Place, and that unless she paid these sums, amounting to $977.80, within 30 days, or within the same period agreed that bonds might be issued therefor, executions would be issued against her property. She at no time petitioned or requested the defendant to cause the paving to be done, and the defendant did not notify her that the same would be done. She had no notice whatever from the defendant, except the notices of the assessment, as stated above; and she did not know and had no way of knowing the cost of the pavement, until after the same had been laid and she was notified of the amounts that had been assessed against her property. Before the streets were paved the property was reasonably worth not exceeding $700. After the streets were paved it was still not reasonably worth more than this sum, although the cost of the paving as assessed against the property amounts to $977.80, or the sum of $277.80 more than the property is reasonably worth. If the defendant is permitted to proceed with the assessments and the issuing of executions as threatened, the same will constitute a cloud upon the title of the plaintiff's property, and will be vexatiously and injuriously used against the plaintiff, and will subject her to future liability. Also, if the defendant is permitted to issue executions and to levy them upon the plaintiff's property for the purpose of collecting the amount of the assessments, such procedure "will amount to a virtual confiscation of petitioner's property, as said property [as it] now stands is worth less than the amount of said paving assessments." The defendant has proceeded without any right in law or in equity, and the act of the defendant is illegal and unjust. The prayers of the petition were that the assessment be set aside and declared null and void; and for injunction.

As appears from the brief of counsel for the plaintiff, the allegations that she did not request this improvement, and had no knowledge or notice concerning it until after assessment, were not intended to show within themselves that the assessments were illegal, but were made merely to illustrate that the plaintiff was free to attack the assessments and to object to further proceedings thereunder upon the ground that her property was about to be confiscated. It does not appear from the allegations of the petition that the plain-

tiff is estopped upon any ground. By the allegations made, the amount of the assessment not only exceeded the benefits resulting to the property, but was actually greater than the value of the property either before or after the improvement. A special assessment for street paving can not lawfully be levied against abutting property for an amount in excess of the benefit resulting from such improvement. *Mayor &c. of Savannah* v. *Knight,* 172 *Ga.* 371, 375 (157 S. E. 309, 73 A. L. R. 1289). It is generally held that the determination by a city council, under charter power, that certain property will be benefited by a local improvement is conclusive, and not open to question before the courts, unless the action of the municipal council is shown as a matter of law to be arbitrary and unwarranted. *Speer* v. *Athens,* 85 *Ga.* 49 (3) (11 S. E. 802, 9 L. R. A. 402); Branson *v.* Bush, 251 U. S. 182 (40 Sup. Ct. 113); 25 R. C. L. 139, § 57. It is true that the amount of benefit which an improvement will confer upon a tract of land is a matter of "forecast and estimate," and can not be conclusively determined by its present particular use. *City of Valdosta* v. *Harris,* 156 *Ga.* 490 (14) (119 S. E. 625, 30 A. L. R. 145); *Georgia Railroad & Banking Co.* v. *Town of Decatur,* 137 *Ga.* 537, 541 (73 S. E. 830, 40 L. R. A. (N. S.) 935); Martin *v.* District of Columbia, 205 U. S. 135 (27 Sup. Ct. 440, 51 L. ed. 743); Kansas City Southern Ry. Co. *v.* Road Improvement District, 266 U. S. 379 (45 Sup. Ct. 136). But when the entire value of the property will be required to pay for a particular improvement, there can be no presumption of benefit, and upon allegation and proof of such facts a prima facie case of spoliation will be established. Standard Pipe Line Co. *v.* Highway & Bridge District, 277 U. S. 160 (48 Sup. Ct. 441); City of Louisville *v.* Bitzer, 115 Ky. 359 (73 S. W. 1115, 61 L. R. A. 434); City of Owensboro *v.* Sweeney, 129 Ky. 607 (111 S. W. 364, 18 L. R. A. (N. S.) 181, 130 Am. St. R. 477); 27 R. C. L. 141, § 58. Where private property is actually about to be confiscated by the enforcement of an assessment for a local improvement, the remedy of affidavit of illegality as provided in the city charter is not as complete or effectual as equitable relief, but in such a case an injunction may be granted. In equity a decree can be molded so as to do final and exact justice between the parties. *City of Atlanta* v. *Hamlein,* 96 *Ga.* 381 (23 S. E. 408); *City of Atlanta* v. *Gabbett,* 93 *Ga.* 266 (3) (20 S. E. 306); Civil Code (1910), §§ 4522, 4538,

5426; Norwood *v*. Baker, 172 U. S. 269; Wagner *v*. Leser, 239 U. S. 207, 216 (36 Sup. Ct. 66, 60 L. ed. 230); Road Improvement District *v*. Missouri Pacific R. Co., 274 U. S. 188 (7) (47 Sup. Ct. 563).

The court erred in sustaining the demurrer and dismissing the petition. This case is distinguished from *Regenstein* v. *Atlanta*, 98 *Ga*. 167 (2) (25 S. E. 428); *Mayor &c. of Gainesville* v. *Dean*, 124 *Ga*. 750 (53 S. E. 183), in each of which affidavit of illegality was held to be an adequate remedy. In neither of those cases did the facts establish a confiscation.

*Judgment reversed. All the Justices concur.*