## ST. LOUIS–SAN FRANCISCO RY. CO. v. BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DIST.

## MISSOURI PAC. R. CO. v. SAME.

## CHICAGO, R. I. & P. RY. v. SAME.

District Court, E. D. Arkansas, Jonesboro Division.

Dec. 29, 1932.

Thos. S. Buzbee, of Little Rock, Ark., for plaintiff Chicago, R. I. & P. Ry. Co.

Thos. B. Pryor, of Ft. Smith, Ark., H. G. Combs, of Little Rock, Ark., and C. E. Daggett, of Marianna, Ark., for plaintiff Missouri Pac. R. Co.

E. T. Miller, of St. Louis, Mo., and E. L. Westbrooke, Jr., and E. L. Westbrooke, both of Jonesboro, Ark. (R. E. Warden, of Little Rock, Ark., of counsel), for plaintiff St. Louis-San Francisco Ry. Co.

MARTINEAU, District Judge.

In 1893 (Acts Ark. 1893, No. 19, p. 24) the defendant, St. Francis levee district, hereinafter referred to as the levee district, was organized to build a levee from the Missouri state line to the mouth of the St. Francis river, a distance of a hundred and sixty-five miles, to protect the lands lying within the district from the overflow waters of the Mississippi river. This levee connected with one in Missouri built and to be built for a length of fifty miles for the same purpose. The levee district was approximately forty-five miles wide at the Missouri state line, tapering to nothing at the mouth of the St. Francis river, and contains about 1,600,000 acres. The plaintiffs own and operate railroads within this district, and bring this suit to enjoin the collection of assessments levied against their properties for the years 1929 and 1930. Their rights of way upon which their tracks lie contain about 4,000 acres, or one four hundredth part of the total area of the levee district. The total main-line mileage of the plaintiff railroads within the district is about 328 miles. They own side-tracks of 102 miles, built upon the hundred foot rights of way upon which the main tracks lie.

The total assessments against plaintiffs for each of the years involved is about $80,000, and the total assessments against all the property in the district, including plaintiffs' property, is about $500,000. Since the organization of the levee district, it has expended for interest, administration expenses, and construction work, not paid for by bonds, $16,640,000, and now has outstanding bonds amounting to $5,570,000, maturing from 1933 to 1976. Of the expenditures made up to this time the railroads have paid about $3,000,000, or about 20 per cent. of the total.

In 1917 (Acts Ark. 1917, No. 272, p. 1448) the act creating the levee district was amended by authorizing and directing its board to assess and levy annually a tax upon the increased value or betterment estimated to accrue to lands and other property within the district from the construction of the levee, and provided that said annual levy should not exceed 8 per centum per annum of the betterment. It specifically prohibited the levying of a tax in excess of 25 cents per acre upon the lands, and provided for the assessment of lots and blocks according to betterments and increase in value thereof, and further provided that railroads, which were required to be assessed according to betterment and increase in value, might be assessed per mile instead of acre.

To comply with the 1917 act, the board of assessors and equalizers assessed a betterment against each acre of land in the district at $5 and a betterment against each main-line mile of railroad at $5,000, with an additional amount for each mile of side trackage. They then levied an annual assessment of 5 per cent upon the betterments, making the levy upon each acre of land 25 cents, and upon each main-line mile of railroad $250, with an additional annual assessment for side trackage.

The plaintiffs allege that the assessment against their property is plainly arbitrary and unreasonably discriminatory, and violates both the due process and equal protection clauses of the Fourteenth Amendment.

Defendant insists, first, that plaintiffs cannot maintain this suit, because the action of the board in levying the assessments against their property was final.

Constitutional limitations cannot be put aside or overridden by the action of the board of assessors. A suit of this kind may properly inquire into violations of constitutional limitations. Road Improvement District v. Missouri Pacific Railroad Company, 274 U. S. 188, 191, 47 S. Ct. 563, 71 L. Ed. 992; Kansas City Southern Railway Co. v. May (C. C. A.) 2 F.(2d) 680. If the assessment against plaintiffs' property was in fact arbitrary and discriminatory, then the collection of the assessment should be enjoined.

Any scheme of assessing in a levee district like this, which places approximately one-fifth of the burden upon one four hundredth part of the property is obviously discriminatory and arbitrary. The engineer of the district in his testimony elaborately and in detail explained how the board reached the conclusion that the betterment upon each acre of land, without reference to location, improvement, or the nature of its use, should be $5, while the betterment upon each mile of railroad should be $5,000 per mile; a mile of railroad occupying about 12 acres. The fact that he may honestly have believed that his reasoning led to correct conclusions and have so advised the board does not prevent plaintiffs from obtaining relief, if the scheme of taxation adopted brings about a result which fixes a burden upon plaintiffs' property which is clearly and manifestly inequitable and unequal as compared to other property in the district. His testimony as to benefits is at most a mere arbitrary opinion of his, and, when it must be relied upon to sustain an assessment which is so obviously arbitrary and discriminatory as the one involved here, should not be controlling.

In reaching a conclusion as to whether the assessment of the railroads, as compared to that of other property, is equitable and equal, it should be remembered that these roads are parts of great systems, operating not only in this levee district, but in many states, and that, when a tax in this district is levied against them, it must be paid; because the parts of the roads lying within the levee district cannot be abandoned without destroying the value of the systems of which these are parts. This fact should have weight here, because the record discloses that thousands of acres of the least valuable lands in this district are being forfeited for the nonpayment of this tax. This greatly increases the burden upon these railroads, if they are to continue to operate.

The assessments for 1929 and 1930 are invalid, and the injunction should be granted against their enforcement. Straight Creek Drainage District v. Chicago, Rock Island & Pacific Ry. Co. (C. C. A.) 26 F.(2d) 650; Kansas City Southern Railway Co. v. May (C. C. A.) 2 F.(2d) 680; Standard Pipe Line Co. v. Miller County Highway & Bridge District, 277 U. S. 160, 48 S. Ct. 441, 72 L. Ed. 831, 58 A. L. R. 126; Road Improvement District v. Missouri Pacific Railroad Co., 274 U. S. 188, 47 S. Ct. 563, 71 L. Ed. 992; Thomas v. Kansas City Southern R. Co., 261 U. S. 481, 43 S. Ct. 440, 67 L. Ed. 758; Kansas City Southern R. Co. v. Road Improvement District, 256 U. S. 658, 41 S. Ct. 604, 65 L. Ed. 1151.

The railroads are benefited by this improvement, and this decision should not be construed to prevent the board from levying a proper assessment. Findings of fact and conclusions of law in keeping with this opinion may be prepared and submitted for approval.