471

GEORGIA POWER COMPANY *et al. v.* CITY OF DECATUR.

No. 10029.   September 18, 1934.

474

478

*Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error. *Branch & Howard, Howell, Heyman & Bolding, Bond Almand,* and *C. Murphey Candler Jr.,* contra.

GRAHAM, J. The writer feels very much as former Chief Justice Bleckley uniquely expressed himself in the case of *Wells* v. *Savannah,* 87 *Ga.* 397 (13 S. E. 442) : "Some cases task the anxious diligence of a court, not by their difficulty but their simplicity. This is one of them. Because the case seemed too plain for controversy, we have had some apprehension that we might decide it incorrectly. Impressed always by the ability and learning, the wide research and earnest advocacy of the distinguished counsel for the plaintiffs, we have experienced a vague dread that we might stum-

ble over legal obstacles which, if they exist, a treacherous darkness conceals. In order to examine the ground thoroughly, we have held up the case for months, read authorities cited and not cited, perused books before unknown to us, deliberated, meditated, considered and reconsidered. But to the last hour we have discovered nothing debatable in the controlling question raised for our decision, fringed though it certainly is with technical niceties of great delicacy and much interest. To which side the artificial logic of these niceties would incline the scale is immaterial; for the solid practical subject of taxation must be dealt with on broader principles. The value of property consists in its use, and he who owns the use forever, though it be on conditions subsequent, is the true owner of the property for the time being." The case at bar presents very few questions that have not already been determined by the courts. Most of the issues now before us on the paving assessment involved were raised and decided in *Georgia Power Co.* v. *Decatur,* 168 *Ga.* 705 (149 S. E. 32), and 170 *Ga.* 699 (154 S. E. 268). The case reported in 170 *Ga.* 699, came on writ of error after directed verdict finding certain property of the Georgia Power Company subject to a levy for the assessment, and on refusal of new trial. It was held that a personal judgment could not be rendered against the claimant in favor of the plaintiff on a statutory claim. It was then held by a majority of the court as follows:

"1. The General Assembly by virtue of the acts approved August 18, 1919, and August 12, 1924 (Ga. L. 1919, p. 934; 1924, p. 534), amending the charter of the City of Decatur, conferred full power and authority upon said city, in the discretion of its commissioners, to pave any street therein, and, when street railway tracks are located in a street ordered paved, to assess the cost of paving that portion of the street between and for two feet on each side of said tracks against the company owning the tracks and its property in said municipality, used in the operation of its street railway system therein.

"2. The power of determining the benefits to be received by the property of the street railway company from local improvements is a legislative one; and in this case, by virtue of the charter of the City of Decatur, this authority was vested solely in the commissioners of said city, who in the exercise of said authority have determined the same; and the question of benefits to the company's prop-

erty will not be inquired into by the courts unless it is made to appear that there has been an arbitrary abuse of such authority. The evidence in this case establishes no such abuse. The charter of said city as amended creates a binding lien upon all the property of the street railway company located within said municipality and used in the operation of its street railway therein, for the amount of the cost of paving said area occupied by its tracks and for two feet on either side thereof, located in the street, which lien under the facts in this case is subject to judicial enforcement.

"3. The legislative acts cited, amending the charter of the City of Decatur, are not in violation of any of the specified provisions of either the constitution of the United States or the constitution of the State of Georgia.

"4. The cost of paving that portion of East Ponce de Leon Avenue in said municipality lying between and for two feet on either side of the street-railway tracks located therein being a lawful assessment against the Georgia Railway and Electric Company, the owner of said tracks, and enforceable against the property of said company used by it in the operation of its street-railway system, the Georgia Railway and Power Company became, by virtue of the express terms of its lease of the franchise and property of said Georgia Railway and Electric Company, executed prior to the levying of the paving assessment in question, liable for the payment thereof; and the Georgia Power Company having subsequently to said lease become an incorporated consolidated corporation under the provisions of sections 2607, 2608, and 2609 of the Civil Code, composed of the Georgia Railway and Electric Company, the Georgia Railway and Power Company, and other constituent corporations, by virtue of a consolidation agreement filed with the Secretary of State, whereby it became liable for the payment of the amount of said paving assessment so levied, said assessment may be recovered in an appropriate action brought by the City of Decatur against the Georgia Power Company."

The opinion discussed at length the questions not hereinafter mentioned; and the same is now approved as the law of this case. The issues discussed and decided therein were: The General Assembly of this State has the power to authorize a municipality therein to pave its streets, and to assess and enforce the cost and collection of a special assessment against a street-railway company

for the cost of paving the area occupied by its tracks and for a reasonable distance outside of its tracks located in a street ordered paved under such legislative authority; and the City of Decatur was duly authorized to do the paving and assess the cost, as was done in this case, against the Georgia Railway and Power Company. The power of determining the benefits to be received by the property of the railway company from local improvements is a legislative one; and in this case, by virtue of its charter as amended, this authority is vested solely in the city commissioners, who in the exercise of said authority determined the same; and the question of benefits by virtue of said improvement to the property of the railway company will not be inquired into by the courts, unless it is made to appear that there has been an arbitrary abuse of such authority. The burden is upon the appellant who attacks the exercise of such authority in ordering the improvement to establish the fact that the same was abused, and the proof must be sufficient to show that the city authorities abused their discretion in making the pavement and assessing the cost against the street-railway company. The legislative act and the ordinance enacted by the City of Decatur, authorizing the pavement and the assessment, are not unconstitutional or in violation, for any reason assigned, of the due-process and equal-protection clauses of the fourteenth amendment to the constitution of the United States and as embodied in the constitution of Georgia, or in violation of paragraph 1 of section 3 of article 1 of the constitution of Georgia against the taking of private property for public use without paying adequate compensation therefor, or in violation of paragraph 1 of section 2 of article 7 of the constitution of Georgia, which provides a uniform system of taxation for the general support of the government. The assessment is a blanket lien against the property of the street-railway company, and a segment of the railway property or any portion thereof used in carrying on its business with the public could not be sold to satisfy the assessment, but in lieu thereof the court has power to render a personal judgment therefor against the street-railway company, to be collected as other judgments. The Georgia Power Company was, under its merger and consolidation agreement with the Georgia Railway and Power Company, liable to the City of Decatur for the assessment in question, which, in an appropriate action therefor, could be recovered by the city.

■ The City of Decatur was given legislative authority to pave the street and assess the cost of the paving. The action of the city in accordance with its charter so authorizing is presumed to be legal, and not an arbitrary abuse of its discretion. This presumption may be overcome, but the burden to set the same aside rests with the defendants who attacked it. Of course, if the assessment was not legal, the Georgia Power Company, notwithstanding its merger and agreement thereunder to pay the assessment, would not be liable for the same. The only ground now urged against the legality of the assessment that has not already been made by the Georgia Power Company, and decided adversely to it by this court, is that the assessment should, if legal, have been against the lessor, Georgia Railway and Electric Company, and not against the lessee, Georgia Railway and Power Company. The act authorizing the paving assessment provided, in reference to street-railroad companies, "and any street-railroad company or other railroad company having a track or tracks running along or across the streets, alleys, lanes, squares, or public places of said city, where so improved, shall be required to pay the actual cost in full of grading, regrading, paving, repaving, building, rebuilding, and otherwise improving or reimproving such street, alley, lane, square, or public place between their tracks and for two (2) feet on each side thereof, and in such cases and on such streets, alleys, lanes, squares, or public places where such assessments are made against such street-railroad company or other railroad company;" and further provided, "and the amount of the assessment for such improvement against said street-railroad company or other railroad company and against the property thereof shall be a lien against such railroad company and against the property thereof, dating from the time of the passage of the ordinance making the assessment."

■ At the time of the paving and assessment by the City of Decatur the Georgia Railway and Power Company was operating the street-railway, using the street on which the pavement in question was made, under a lease from the Georgia Railway and Electric Company, the owner, for a period of 999 years. Subsequently these companies were merged and consolidated into the Georgia Power Company, wherein the Georgia Power Company expressly bound itself to pay all obligations and assessments of these companies. The agreement upon consolidation constituted a merger,

and not a sale. The Georgia Power Company, by reason of the merger, became liable for the payment of all unpaid legal assessments of the acquired corporations. Code, § 2227; *A., B. & A. Railroad Co.* v. *A. C. L. Railroad Co.,* 138 *Ga.* 353 (75 S. E. 468). The City of Decatur treated the lessee as the owner, and thereupon made the assessment for the cost of the paving against the Georgia Railway and Power Company as the owner. While the assessment could have been made against the lessor, it was proper to make it against the lessee. The lessee held and was operating the street-railway, using the streets of the city, under a 999-year lease, by the terms of which it agreed to pay all assessments, present, past, and future, of the lessor. By the very terms of the lease, if the assessment was legal, the lessee was liable for its payment, and was also liable as owner of the property. A lease of the character under consideration is the practical equivalent of a sale of the property. A lessee for over a hundred years, that has the right to both the possession and rights of the property and the exclusive right to operate the same, has an interest in the property. *Wright* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 406 (91 S. E. 471). A lease for 999 years may be considered as a perpetual lease, and the lessee be treated as the owner. Piper *v.* Town of Meredith, 83 N. H. 107 (139 Atl. 294, 55 A. L. R. 148) ; *Penick* v. *Atkinson,* 139 *Ga.* 649 (77 S. E. 1055, 46 L. R. A. (N. S.) 284, Ann. Cas. 1914B, 842) ; *Wells* v. *Savannah,* supra, s. c. 181 U. S. 531 (21 Sup. Ct. 697, 45 L. ed. 986). So we conclude that the city properly treated the lessee as the owner of the property, and that the assessment was not illegal because of not having been made against its lessor.

The plaintiffs in error further contend that the paving and assessment was an arbitrary abuse of the legislative authority, and that the street-railway company received no benefit from the paving and assessment. There arises, from the legislative act of the city in adopting the ordinance for the paving and making the assessment, a presumption that the paving was beneficial to the street-railway company, and that the assessment was legal. The burden of overcoming this presumption that the action of the city was not an arbitrary abuse of the legislative authority rests upon the plaintiffs in error. To rebut this presumption they offered to surrender and tendered to the city their street-railway franchise and prop-

erty. If they were permitted, under their rate contract with the city, to defeat the paving assessment by an offer to surrender their franchises and property thereunder, they did not go far enough to do so. They did not show that the street-railway franchise and property thereunder was the whole franchise and property held and operated in connection with its street-railway and power business in the city. They failed to show that they were not also operating, in connection with the street-railway business, an electric-light and power business in the city, and that such franchise and property was not acquired by the Georgia Power Company in the merger. To the contrary, it may be gathered from the admissions in the pleadings, the evidence, and the argument in the case, as well as from the contract of merger, that the Georgia Railway and Power Company at the time of the paving assessment was operating in the city, in connection with its street-railway, an electric-light and power business which was acquired by the Georgia Power Company in the merger, and which the Georgia Power Company did not offer to surrender. It may be fairly stated that the defendants offered to split or separate its street-railway franchise and property from its electric-light and power business franchise and property, and to surrender one branch of its service, the street-railway branch, which it contended was unprofitable on account of the 5-cent rate contract made with the city, in settlement of the assessment, and at the same time hold to the other branch of the service, its electric-light and power franchises and property thereunder, that may be profitable. The city authorities in causing the paving and making the assessment may well have considered, in determining the benefits to be derived therefrom, the value of the whole property, and not merely the value of one branch of the service. Under the consolidation agreement wherein the Georgia Railway and Electric Company and the Georgia Railway and Power Company were merged into the Georgia Power Company, all franchises originally granted to the separate companies were consolidated and merged into one franchise; and without the consent of the city the Georgia Power Company could not split its street-railway franchise from its electric-light and power franchise, surrender the street-railway franchise and property thereunder, and at the same time retain its electric-light and power franchise. *Georgia Power Co. v. Rome,* 172 *Ga.* 14 (157 S. E. 283). The offer of the defendants

did not go far enough. They only offered to surrender one branch of the service. The evidence is also insufficient to overcome the legal presumption in favor of the assessment. Durham Public Service Co. *v.* Durham, 261 U. S. 149. Moreover, to permit the surrender of the street-railway property and franchise would allow the plaintiffs in error to do that which has heretofore been prohibited by the courts on account of the 5-cent rate contract with the City of Decatur. The contract has been upheld by both this court and the Supreme Court of the United States. *Georgia Railway & Power Co.* v. *Decatur,* 152 *Ga.* 143 (108 S. E. 615), s. c. 262 U. S. 432 (43 Sup. Ct. 613, 74 L. ed. 999). When the ordinance for the pavement was adopted under which the assessment was made, the Georgia Railway and Electric Company and the Georgia Railway and Power Company, its lessee, concurring therein, offered to surrender the street-railway property and remove from the streets. The city refused to accept that offer, and brought an action enjoining the companies from removing their street-railway tracks and from abandoning the street-railway business in the city. The injunction was granted, and an appeal was taken therefrom to this court. The Georgia Power Company after the merger was made a party to this case. The question of no benefit, that the paving assessment was confiscatory, the offer to surrender and abandon the property—in fact, the questions now raised on the legality of the assessment—were made in that case and in *Georgia Railway & Power Co.* v. *Decatur,* just cited, and were decided adversely to the contention of the railway companies. *Georgia Railway & Power Co.* v. *Decatur,* 168 *Ga.* 705 (supra). The Supreme Court of the United States, on review, affirmed that decision, and held that on account of the 5-cent fare contract the refusal of the city to accept surrender of the street-railway franchise did not operate to deprive the street-railway company of its property without due process of law, that the rate-fare contract was still in force, and that the losses attributable to the stretch of track in question and the 5-cent fare are immaterial while the rate contract continues. *Georgia Power Company* v. *Decatur,* 262 U. S. 432 (supra). So it may be easily seen that in the well-beaten paths of the plaintiffs in error to the courts the questions they now make have been decided against them, that under these decisions and the peculiar facts of the case they have failed to carry the burden of showing

that the action of the city authorities in causing the pavement and making the assessment therefor was an arbitrary abuse of their discretion.

■ The paving assessment was authorized and made as provided for in the city charter, and execution in the manner provided for by the statute was issued for the assessment. All of this was regular. The execution for the assessment was a blanket lien against the property of the Georgia Railway and Power Company. Acts 1924, p. 534; 29 *Ga. App.* 653 (116 S. E. 645). The defendant in execution by its merger transferred to that company all of its property which was subject to the lien of the city for the assessment. The Georgia Power Company accepted the property so impressed with such lien, and is using it in the operation of its street-railway, light, and power service to the public. The property can not be lawfully seized and sold under the execution to satisfy the assessment. *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (159 S. E. 863). There is no dispute that the assessment is due, that it has been made and fixed as provided for by statute; but it can not be levied, nor can it be collected in an action at law. *State* v. *Western & Atlantic R. Co.,* 136 *Ga.* 619 (71 S. E. 1055).

■ The amount of the assessment is due the City of Decatur. It has a lien for same, represented by the execution legally issued for the assessment, which execution is not barred by the statute of limitations. This court held, in its majority opinion when the case was before it on the claim (170 *Ga.* 699, supra) that the Georgia Power Company is liable for the assessment as evidenced by the lien therefor, which may be enforced by appropriate legal proceedings. The city is authorized to sue in its corporate name. It could not levy its execution, and could not sue at law. An appropriate remedy left it was a suit in equity to enforce its lien against the Georgia Power Company, the company that in the merger appropriated the property of the defendant in execution that was subject to the lien. The suit in equity by the city was authorized. *Citizens & Southern Bank* v. *State,* 151 *Ga.* 696 (108 S. E. 161) ; Alabama Traction Co. *v.* Selma Trust &c. Bank, 213 Ala. 269 (104 So. 517). See also *Smith* v. *Kingsley,* 178 *Ga.* 681 (173 S. E. 702). The city was also entitled to recover interest on the assessment at the rate of seven per centum per annum from the date of the issuance of the execution. *Bacon* v. *Savannah,* 105 *Ga.*

490

62 (31 S. E. 127). The action is not prohibited by art. 1, sec. 1, par. 23, of the constitution of the State, which provides that the legislative, judicial, and executive powers shall forever remain separate and distinct.

In the motion for new trial the plaintiffs in error complained of the admission and exclusion of certain evidence. If all the evidence admitted over objection had been excluded, and all the evidence excluded over objection had been admitted, the same would not have changed the status of the case, but would have been immaterial to its consideration. Wherefore it may be seen that the overruling of the motion to dismiss and the demurrer was proper; that if any error was committed on the admission or rejection of evidence, the same was harmless; and that the direction of the verdict complained of was in conformity to the law and the facts of the case.

*Judgment affirmed. Beck, P. J., Gilbert and Bell, JJ., and McLaughlin and Hawkins, JJ., concur.*