GEORGIA RAILWAY & ELECTRIC CO. ET AL. *v.* DECATUR.

No. 570. Argued April 3, 1935.—Decided April 29, 1935.

*Mr. Walter T. Colquitt* for appellants.

*Mr. James A. Branch,* with whom *Messrs. William Schley Howard* and *Scott Candler* were on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The Georgia Railway & Electric Company, which owned and operated street-car lines in the City of Decatur and between that city and other points in the state, leased its property in 1912 to the Georgia Railway & Power Company for the term of 999 years. By the terms of the lease, the latter company bound itself to pay all taxes, rates, charges, licenses, and assessments which

might be lawfully imposed and assessed against the property during the continuance of the lease.

By the terms of its charter and a consolidation agreement, the Georgia Power Company in 1927 became possessed of all the rights, franchises, etc., and subject to all the duties, liabilities, debts and obligations, of these two corporations; and thereupon their existence, with certain exceptions, ceased and became merged in the Georgia Power Company as a consolidated corporation.

On May 15, 1925, the City of Decatur, acting under a state statute,[1] ordained that a designated street over which the railway lines extended should be paved as a necessary improvement for travel and drainage; and that the cost of such pavement should be assessed in full against the Railway & Power Company for paving between the tracks and for two feet on each side thereof, the remaining cost to be assessed one-half against the real estate abutting on one side of the street where paved, and the other half against the real estate abutting on the other side. Upon the refusal of each of the three companies to pay the cost assessed for the track paving, the city filed a bill in equity against them seeking to recover the amount of the assessment, alleging the absence of all legal remedy.

In the trial court a demurrer to the bill was overruled and a motion to dismiss was denied. The motion to dismiss was based upon the ground, among others, that neither of the defendant companies had received any benefit from the paving, and that the assessment and ordinance were invalid as contravening the due process and equal protection of law clauses of the Fourteenth

[1] Ga. L. 1919, pp. 934 et seq.; Ga. L. 1924, pp. 534 et seq., conferring upon the city power to improve its streets and make assessment for the cost of the improvements against abutting real estate and against any street railway or other railroad company having tracks running along or across such streets.

Amendment of the Federal Constitution. Thereafter, answers were filed, alleging that the assessment vastly exceeded the entire value of the street-railway property and lines located and operated within the city, and offering to surrender them to the city, together with the franchise under which they were constructed and operated, without the necessity of levy or sale; that the only reason why such offer was not accepted was because their entire value was less than the amount of the assessment; that the paving for which the assessment was made did not benefit the lines, property or franchise, but, on the other hand, was a detriment.

Appellants called a witness in support of the contention that their property was not benefited; but upon objection his testimony was excluded. They offered to prove by him that the pavement in question added nothing in value to the street-railway property, but on the contrary was a detriment to its operation; that it made it more difficult and expensive to maintain the track with the pavement than without it; that the railway does not use the pavement in any way; and that it adds nothing in the way of additional travel upon the street cars. The trial court sustained an objection to the offer on the ground " that the question of benefits by virtue of overruling the demurrer to the petition " became irrelevant and immaterial.

At the conclusion of the trial, a decree was rendered against the Georgia Railway & Power Company and the Georgia Power Company for the amount of the paving assessment, with interest, which was affirmed by the state supreme court on appeal. 179 Ga. 471; 176 S. E. 494. The ruling of the trial court excluding the evidence offered upon the subject of benefits was sustained on the ground that such evidence was immaterial to the consideration of the question; and the contention of the railway corporations in respect of the violation of the Federal Constitution was rejected as being without foundation.

As we read its decision, the court below held that the state statute which authorized, and the ordinance which directed, an assessment for the cost of improvements require, as the basis for their operation, the existence of benefits; and the case was dealt with in that view. The contention of the appellants, as stated by that court, was that the street railway received no benefit from the paving and assessment, and, therefore, there was an arbitrary abuse of legislative authority. But the court held that from the act of the city in adopting the ordinance a presumption arose that the paving was beneficial to the street railway company and the assessment legal. " The burden," it said, " of overcoming this presumption that the action of the city was not an arbitrary abuse of the legislative authority rests upon the plaintiffs in error." The fourth headnote, which as we understand is prepared by the court, reads in part: [2]

" When paving is done and assessment therefor regularly made in the manner provided in the city charter, a presumption arises that the paving and assessment were legal, and casts the burden of proof on one who attacks the assessment on the ground that the same was an arbitrary abuse of the legislative authority, *because of no benefit*, or that it is confiscatory."

In the body of the opinion, there is an excerpt from an earlier decision to the effect that the power to determine benefits to be received by the property of a street-railway company from local improvements is a legislative one; that this power was vested in the commissioners of the city; and that the question of benefits having been determined by the commissioners, could not be inquired into by the courts unless it is made to appear that there has been an arbitrary abuse of the power.

In this court, the city insists that, under Georgia law, " The general rule that assessments against abutting own-

---

[2] The italics are ours.

ers for street improvements are sustainable only to the extent of special benefits to abutting property is not applicable to railway companies having tracks in the street improved." And it seeks to sustain the assessment as an exercise of the police power and the alleged power of the state to alter or amend corporate charters. If the Georgia statutes had been thus construed by the state supreme court, a different question would be presented. The difficulty, however, is that the court, as we have said, construed the statute as contemplating the existence of benefits to the railway as a basis for the assessment, but required the railway companies to overcome a legislative presumption that such benefits existed by proof of an arbitrary abuse of the legislative authority "because of no benefit." By that construction we are bound, and in accordance with it must consider and determine the case. The construction becomes part of the statute as much as though it were found in appropriate words in its text. *Morley v. Lake Shore & M. S. Ry. Co.*, 146 U. S. 162, 166; *Lindsley* v. *Natural Carbonic Gas Co.*, 220 U. S. 61, 73; *Knights of Pythias* v. *Meyer*, 265 U. S. 30, 32, *et seq.*

Under the statute and ordinance thus construed, if the burden imposed is without any compensating advantage (as appellants offered to show), the arbitrary abuse of the power exercised is plain, *Myles Salt Co.* v. *Board of Comm'rs*, 239 U. S. 478, 485; the assessment amounts to confiscation. *Bush* v. *Branson*, 248 Fed. 377, 380–381. And this doctrine has been fully recognized in Georgia. *Savannah* v. *Knight*, 172 Ga. 371, 375; 157 S. E. 309. Moreover, the offer of appellants to surrender all their railway property within the city, including the franchise, strongly tended to show that the assessment exceeded the entire value of the property with which the improvement was connected; in which case, as the court below itself has held, there can be no presumption of benefit. *Holst* v. *LaGrange*, 175 Ga. 402, 404; 165 S. E. 217.

No question is raised as to the competency of the proof which was offered, and evidently there is none. The ruling was simply that it was immaterial. But the existence of benefits resulting from the improvement was material and was deemed so—else why require it, or why create an affirmative presumption in respect of it? Certainly, competent proof tending to overcome a rebuttable presumption of material fact cannot be immaterial; and the refusal of a court to receive or consider any proof whatever on the subject amounts to a denial of a hearing on that issue, in contravention of the due process of law clause of the Constitution. *Saunders* v. *Shaw,* 244 U. S. 317, 319; *Bandini Petroleum Co.* v. *Superior Court,* 284 U. S. 8, 19; *Western & Atlantic R. Co.* v. *Henderson,* 279 U. S. 639, 642; *Zeigler v. South & North Alabama R. Co.,* 58 Ala. 594, 599. Compare *Norwood* v. *Baker,* 172 U. S. 269, 278–279; *Road District* v. *Missouri Pacific R. Co.,* 274 U. S. 188; *Standard Pipe Line* v. *Highway District,* 277 U. S. 160.

The decree of the court below must be reversed and the cause remanded for further proceedings not inconsistent with the foregoing opinion.

*Reversed.*

Mr. Justice Stone, dissenting.

I think the judgment should be affirmed.

The question is one of state power. Since the Constitution does not deny to the local authorities power to require the paving of appellants' right of way, as a police measure regulating the use of the public streets, see *Durham Public Service Co.* v. *Durham,* 261 U. S. 149; *Fort Smith Light Co.* v. *Paving District,* 274 U. S. 387, it would seem that the mere fact that the state court justified the exercise of the power on different or even untenable grounds would not present to us any substantial federal question.

In any case, the examination of the record makes it plain that the question considered in the opinion of this Court is unsubstantial. Appellant Georgia Power Company, which has taken over the rights and obligations of the other appellants, has a single franchise to supply electric power and to operate a street car line in Decatur and elsewhere, and is subject to a contract requiring it to maintain a five cent fare on its railway. See *Georgia Ry. Co. v. Decatur*, 262 U. S. 432; *Georgia Power Co. v. Decatur*, 281 U. S. 505. In an attempt to establish the arbitrary character of the assessment, appellant offered to prove that the railway could not operate its line in Decatur profitably under its contract for a five cent fare, and that it stood ready to surrender the franchise and discontinue operation. It further offered to show that no benefits were received by the Power Company or by any of its property as a result of the improvement. This general offer was explained and made specific by the proffered testimony of a witness, rejected as immaterial, that the pavement " added not one cent to the value of the street railway property at all." " On the contrary," in his opinion, " it was a detriment to the street railway operations." Traffic was not increased thereby. Indeed, the pavement would increase the labor and expense of keeping the track in good condition. While the five cent fare continued, the company would be unable to earn the cost of operation. Neither on the argument in this court nor, so far as appears, in any of the courts of Georgia, did the company suggest that it had additional or more persuasive evidence to offer.

Our decisions make it abundantly plain that this evidence, if received, could have no tendency to overcome the presumptive correctness of the legislative finding of benefit. A property owner does not establish want of assessable benefits by showing that a particular public improvement does not aid or facilitate the particular use

which he makes of the land, *Miller & Lux* v. *Sacramento Drainage District,* 256 U. S. 129; *Houck* v. *Little River Drainage District,* 239 U. S. 254, 264; *Valley Farms Co.* v. *Westchester County,* 261 U. S. 155, or demonstrate that the assessment is confiscatory by showing that the use which he makes of the land is unprofitable, *Durham Public Service Co.* v. *Durham, supra,* 153–155; *Fort Smith Light Co.* v. *Paving District, supra,* 390. The earning capacity of the property would seem especially irrelevant where the profit has been limited by the taxpayer's contract, whether entered into improvidently or to gain some collateral advantage.

The offer to surrender the unprofitable street railway, while retaining the profitable electric business, which in this case the Supreme Court of the State ruled were parts of an indivisible franchise, was rightly disregarded as without probative force. The Power Company could not, without the consent of the city, surrender the unprofitable part of its franchise and retain the profitable part. *Broad River Power Co.* v. *South Carolina,* 281 U. S. 537, 543, 544. The city could not accept the offer without abrogating its contract. Neither the offer nor the refusal to accept it is evidence that the improvement was not of public benefit, which inured to the appellant as a property owner.

The Supreme Court of Georgia did not question the appellant's right to rebut the presumption of validity by evidence reasonably indicative of arbitrary action. On the contrary, it expressly recognized that right in its opinion in this case, 179 Ga. 471; 176 S. E. 494, as well as in an earlier opinion from which it quoted, *Georgia Power Co.* v. *Decatur,* 170 Ga. 699; 154 S. E. 268. The Court did no more than to hold that, treating the proffered testimony as accepted rather than rejected, it was insufficient to establish any inference of arbitrary oppression. Compare *Branson* v. *Bush,* 251 U. S. 182, 190, 191; *Mt. St.*

*Mary's Cemetery Assn.* v. *Mullins,* 248 U. S. 501; *Embree* v. *Kansas City Road District,* 240 U. S. 242. For that reason the testimony was correctly held to be "immaterial," and the error, if any, "harmless."

A street must be properly paved, for the safety and convenience of travelers, as well as for the good of abutting owners. A resolution of the city authorities that a new pavement has become necessary, and assessing the cost according to an estimate of benefits, is not to be undone because the railway is of the opinion that for the operation of its business the old pavement is good enough.

MR. JUSTICE BRANDEIS and MR. JUSTICE CARDOZO join in this opinion.