REGAN, Judge.
The plaintiff, Curro Underwriters, Inc., filed this suit against the defendants, Gua-stella Construction Co., Rosario Guastella, Sr., Rosario Guastella, Jr., and Robert Guastella, endeavoring to recover the sum of $846.18 which it asserts is the amount due for earned premiums on various bonds and policies of insurance issued to the defendants.
The defendants answered and denied that any money was due to the plaintiff resulting from the issuance of the bonds or policies of insurance and specifically pleaded full payment of the premiums on account of each insurance policy at issue herein. The defendants then reconvened in an effort to recover-the sum of $323.47, which amount they assert represents an overpayment of premiums made to the plaintiff.
The plaintiff, of course, replied thereto and denied the indebtedness pleaded in the reconventional demand.
The lower court rendered judgment in favor of the plaintiff in the amount of $383.53, and dismissed the defendants’ re-conventional demand. From that judgment, they have prosecuted this appeal.
The sole contention made by the defendants, on the appeal hereof, is that they were denied due process of law and were not afforded a full trial or their “day in court” as the result of the manner in which the lower court inadvertently conducted the trial hereof.
The record, with respect to the foregoing contention, reveals that the plaintiff introduced the testimony of its witnesses into the record and closed its case forthwith. The defendants’ initial witness testified at some length and in detail with respect to the various amounts of money which forms the subject matter hereof; however, before counsel for the defendants terminated his examination of this witness, the trial judge injected this statement into the record.
“BY THE COURT:
“Gentlemen, I am going to appoint someone to go over the books of the company and give me a report on this. You can each appoint a man if you don’t get together but the court will appoint someone and will be guided by their report. *302 The court will appoint an auditor to be named later. I will mark this case to be continued in order to have the books audited and the auditor’s fee will be taxed as costs in this case. This matter will he continued for the auditor’s report.”
Subsequently, the court appointed auditor submitted his report to the trial judge for his consideration. The record reveals, however, that no notice of the submission of this report and no copy thereof was ever furnished to either counsel. Thereafter, without an additional hearing, judgment was rendered in favor of the plaintiff.
While the character of the record herein leaves much to be desired, it does disclose that the case was continued on motion of the court for an auditor’s report. It also discloses that the trial judge, in effect, terminated the case before counsel for the defendants had an opportunity to complete his examination of his first witness. In this court, counsel assures us that he had several other witnesses present for the purpose of offering their testimony herein. In any event, it is apparent that irrespective of counsel’s assurances, he was not afforded an opportunity to complete an examination of his initial witness.
Moreover, it is quite obvious that the defendants were not the recipients of due process of law by virtue of the lack of notice of the filing of the expert’s report, and, therefore, they were not afforded an opportunity to traverse or otherwise question the correctness thereof. In this connection, it should be pointed out that the posture of the case, including our opinion thereof, would probably he different if both counsel had expressly submitted the matter for adjudication when it was continued by the trial judge ex proprio motu. However, the record, to reiterate, discloses that the case was not submitted for adjudication by counsel for the defendants, and as a result thereof, they never lost or waived their right to offer any additional testimony or evidence which they may have possessed relevant to the facts in dispute herein.
For the foregoing reasons, the judgment of the lower court is reversed, and the case is accordingly remanded for such additional testimony or evidence as its nature may ultimately require and in conformity with the rationale expressed hereinabove.
All costs incurred herein are to await the final determination hereof.
Reversed and remanded.