399 So.2d 727 (1981)
Danny Ray GUNTER
v.
Herbert K. PLAUCHE, M.D., et al.
No. 14197.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*728 Robert W. Stratton, Baker, for plaintiff-appellant Danny Ray Gunter.
Donald T. W. Phelps, Baton Rouge, for defendant-appellee Herbert K. Plauche, M.D., and St. Paul Fire and Marine Ins. Co.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for medical malpractice brought by Danny Ray Gunter against Dr. Herbert K. Plauche, an orthopedic surgeon, and his medical malpractice insurer, St. Paul Fire and Marine Insurance Company. The case was tried before a jury. After plaintiff's presentation of his case in chief, plaintiff moved for a directed verdict, which was denied. Defendants then moved for a directed verdict, which was granted. Plaintiff appeals both rulings.
On or about June 14, 1976, Gunter injured his knee while entering his employer's truck to close a window when it started to rain. The company physician referred him to Dr. Plauche, who after a short period of non-surgical treatment, recommended surgery. On July 1, 1976, Dr. Plauche performed surgery on the knee. The surgery was unsuccessful, and Gunter was forced to undergo corrective surgery on the knee which was performed by Dr. Plauche on September 16, 1976. The second operation was also unsuccessful. After consultation with an attorney, Gunter saw Dr. John J. Watermeier, who after several visits by Gunter performed a third operation on the knee on or about September 7, 1978. Plaintiff still has restricted use of the knee and suffers pain in the area of the knee.
The trial court clearly acted correctly in denying plaintiff's motion for a directed verdict after plaintiff's presentation of his case in chief. LSA-C.C.P. art. 1810(A) provides, in paraphrase, that in a case tried before a jury a party may move for a directed verdict at the close of the evidence offered by an opponent. It offends the Codal provision and all notions of justice to permit a plaintiff to obtain a directed verdict upon conclusion of his case in chief, without even permitting defendant to present a defense. There can be no question that plaintiff was correctly denied a directed verdict.
However, it is clear defendants were not entitled to a directed verdict. In a case tried before a jury, a jury is the trier of fact, and a directed verdict for defendant may be granted only if reasonable men, all inferences resolved in favor of the non-mover, could not possibly arrive at a verdict for the non-mover. Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir. 1979).
In the present case, Dr. Plauche testified at the trial that he warned Gunter of several possible risks attendant upon the operation, but that he failed to warn Gunter of the possibility that there might be damage to the tendons of the leg and ligaments within the knee, which in fact the operation either caused or failed to correct. Yet, the clear implication of the testimony of two disinterested experts, Dr. Watermeier and Dr. Bernard Manale, was that there was a distinct possibility the initial operation would fail because of such an outcome. Furthermore, in an attempt to impeach Dr. Plauche's testimony at the trial, plaintiff showed that in deposition Dr. Plauche had testified that he did not inform Gunter of any risks. That testimony is consistent with Gunter's, who testified that Dr. Plauche told him that he needed surgery because of a torn cartilage and assured him there would be no problems.
It is thus possible for reasonable men to conclude that Gunter was denied a right to "implied consent", which we have held is a right which cannot be denied a patient except in cases of emergency. Percle v. St. Paul Fire & Marine Ins. Co., 349 So.2d 1289 (La.App. 1st Cir. 1977); Beck v. Lovell, 361 So.2d 245 (La.App. 1st Cir. 1978), writ denied 362 So.2d 802 (La.1978). The following quotation from Percle is pertinent:
"We begin by finding it incumbent upon the patient to show that the physician violated the duty to disclose information allegedly withheld. The doctrine of `implied consent' has been resorted to by *729 the courts with increasing frequency in support of the theory of recovery in malpractice cases. The doctrine is based on the principle that a physician owes the patient the duty to disclose adequately the proposed diagnostic, therapeutic or surgical procedure contemplated, the material risks involved; and the alternatives available, if any, in order that a patient of ordinary understanding, confronted with such disclosures and faced with a choice of undergoing the proposed treatment, or selecting an alternative process, or preferring refusal of all medical relief may in reaching his decision, intelligently exercise his judgment by balancing the probable risks against probable benefits."
Defendant properly notes that Percle is questioned in Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La.App. 3d Cir. 1978), writ refused 360 So.2d 1178 (La. 1978) for its assertionnot quotedthat the question of materiality of the risk is a question which should be left to the trier of fact. In the view of Hanks, there must be expert testimony as to whether the risk is rare, remote, or could reasonably be anticipated. Even if we were to adopt the Third Circuit's view as set forth in Hanks, there is implicit in the testimony of Drs. Watermeier and Manale the view that the possibility of failure of the initial operation on Gunter could reasonably be anticipated, and indeed such failure was not an uncommon occurrence.
A further test for absence of "implied consent" is imposed by Percle, that is, whether, assuming the risks were material, a reasonable man would not undergo the operation. Some medical conditions are accompanied with such great danger, discomfort, or disability that a reasonable man, knowing of the risk, would undergo the operation anyway. The existence of cancer, as was the case of Percle, is one such condition. However, clearly, a painful, weak, and stiff knee is not necessarily such a condition, especially if the risk is that of continuing to have a painful, weak, and stiff knee after the operation. Thus, applying the "objective test" set forth in Percle, we see that the jury could conclude a reasonable patient would, knowing the risks, refuse to undergo the operation.
Reasonable men could conclude that Gunter was denied adequate disclosure of the material risks involved in the operation and the alternatives, if any, available, and that under the "objective test" a reasonable patient knowing those material risks to exist, would not undergo the operation. Hence, we hold that Gunter could have been denied the right of "implied consent", and that the jury could find such consent to have been lacking. Thus, the directed verdict for defendants was improperly granted.
We reverse the action of the trial court in granting defendants a directed verdict, and remand the case for further proceedings consistent with this opinion, all costs of this appeal to be paid by defendants.
REVERSED AND REMANDED.