PRICE, Judge.
This is an appeal from a judgment granting a directed verdict. Plaintiffs, Jimmy Woods, III, Charles W. Woods, Jr., Wilma Woods Ficklin, and Rosie Woods Monroe, brought a possessory action against defendants, Rosie Cooper and the City of Tallulah. The trial court rendered judgment in favor of plaintiffs after defendants moved for a directed verdict. Defendants appeal this ruling.
On July 22, 1980, plaintiffs filed a posses-sory action over immovable property known as Lot 16 of Blair’s Addition to the Village of Tallulah. Plaintiffs alleged they had possessed this property as owners quietly and without interruption for more than one year prior to August 1, 1979, and had possession of the property on the date of the disturbance. Plaintiffs alleged that on August 1, 1979, defendants disturbed plaintiffs’ possession by the construction of a road through the center of plaintiffs’ property. Plaintiffs claimed that less than one year had elapsed from the date of the disturbance and the institution of the action.
At trial, Mr. Woods testified that he first became aware of the disturbance in July 1980. However, plaintiffs’ witness, Reverend Henry Toston, testified that he notified Woods of the disturbance around June 1979.
At the close of plaintiffs’ case, the defendants moved for a directed verdict alleging that the evidence was clear the posses-sory action was not instituted within one year from the notice of the disturbance as required by LSA-C.C.P. art. 3658.
The trial court rendered judgment in favor of plaintiffs ordering that plaintiffs be restored to possession and granted damages to plaintiffs for expenses and loss of use. Defendants were ordered to restore the property to its original condition prior to the construction of the road.
In the written reasons for judgment, the trial court further held that the defendants’ claim of prescription could not be raised in briefs.
The primary issue on appeal is whether the trial court erred in granting defendants’ motion for a directed verdict in favor of plaintiffs.
LSA-C.C.P. art. 1810 provides in pertinent part:
“In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
Cuccia v. Cuecia, 394 So.2d 840 (La.App. 4th Cir. 1981), at p. 841, states:
“A directed verdict is properly granted on defendant’s motion, when, at the completion of plaintiff’s evidence, the trial judge determines that plaintiff has shown no right to relief.”
It is the opinion of this court that the trial court erred in granting the directed verdict in favor of plaintiffs upon defendant’s motion at the close of plaintiffs’ case. *505 The statute specifically provides that the verdict may be granted in favor of the defendant-moving party upon completion of the plaintiff’s case or the court may decline to render judgment until the close of all the evidence. The statute does not permit judgment in favor of a plaintiff before the defendant presents his case. The granting of the verdict effectively denied defendants’ right to present their case and have their day in court. This offends all notions of justice. Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir. 1981).
Further, the motion for a directed verdict was a proper procedural vehicle by which to assert defendants’ claim that the possessory action was not instituted timely. Defendants have not raised a peremptory plea of prescription but rather allege plaintiffs have failed to meet their burden of proof under LSA-C.C.P. art. 3658(4).
For these reasons, the judgment of the trial court is REVERSED and REMANDED for further proceedings consistent with this opinion, with costs of this appeal assessed to plaintiffs. Assessment of all other costs shall await final disposition of this case.