WRIT GRANTED AND MADE PEREMPTORY
On June 22, 1983, the trial court entered the following judgment:
“IT IS ORDERED, ADJUDGED and DECREED that defendant, United Gas Pipe Line Company, file into the record by July 25, 1983 the twenty-two (22) depositions designated in the Pre-Trial Order to be offered in whole or in part, and that all other parties shall file their objections thereto in writing by July 25, 1983.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that at the conclusion of this procedure the Court will consider the matter of these consolidated cases submitted.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that all other testimony and evidence designated in the various pre-trial orders is inadmissable for the reason that such testimony and evidence is redundant, cumulative, duplicative and counterproductive.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that the parties offering the testimony and evidence hereby ruled inadmissible shall make a record, in the same manner, of any evidence bearing upon the evidence held inadmissible. The form of this proffer shall be the responsibility of counsel.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that the submission of any post-trial memoranda is hereby waived.”
There is no evidence indicating that defendant’s case would in fact be duplicative, counterproductive, cumulative or redundant. United produced, at the trial court’s request, a pre-trial order entitled “Order Of Proof” which listed 26 live witnesses that it intended to call, as follows:
“ORDER OF PROOF OF DEFENDANT UNITED GAS PIPE LINE COMPANY
1. E.W. Edwards (fact and expert witness on liability)
2. W.T. Hackett, Jr. (fact witness on liability)
3. D.B. Bonnecarrere (fact and expert witness on liability)
4. L.C. Poindexter (By deposition; fact witness on liability)
5. J.H. Roff, Jr. (fact witness on liability)
6. T.L. Aubin, Jr. (fact and expert witness on liability)
7. W.J. Greenwald (By deposition; fact witness on liability)
8. T.C. Beavis (By deposition; fact witness on liability)
9. D.L. Smith (fact witness on liability)
10. F.C. Sweat (fact and expert witness on liability)
11. L. Wesson (fact and expert witness on liability)
12. J.E. Haynes (fact witness on liability)
13. M.T. Belvin, Jr. (fact witness on liability)
14. R.E. Robertson (fact witness on liability)
15. R. Harrell (fact and expert witness on liability)
16. W.C. Marris (fact witness on liability)
17. Portions of depositions of T.R. Pruitt, W.W. Whitmer and E.H. Peters (fact witnesses on liability)
*706 18. Portions of depositions of H.L. Delo-ney, W. McCollam, Jr. and J.M. Wyatt (fact witnesses on liability and damages)
19. W.B. Cassin (fact witness on liability and damages)
20. J.A. Leo and J.F. Vogt (In person or by deposition; fact witnesses on damages)
21. Portions of the depositions of J.L. Cain, G.D. McLendon, J. Davey, J.D. Phillips, J.E. Ammon, G.L. Andrus, M.J. Cade, L.J. Cucullu, H.C. McAfee, J.P. Du-ren, P.P. Colon, C.L. Denson (fact witnesses on damages)
22. C.L. Richards (fact and expert witness on damages)
23. N.B. Hughes (fact and expert witness on damages)
24. R.W. Bossung (fact and expert witness on damages)
25. A. Gerber (fact and expert witness on liability and damages)
26. E.C. Moore (fact and expert witness on damages)
27. J.W. McKie (fact and expert witness on liability and damages)
28. J.P. O’Leary (fact and expert witness on liability and damages)
29. J.S. Davis (fact witness on liability and damages)
30. J.H. Roff, Jr. (Recalled; fact witness on damages)”
Additionally, defendant stated at that time:
“Pursuant to the Court’s June 14, 1983 request for an evaluation of the status of these cases and for recommendation as to their subsequent conduct (Tr. 29,255-59), United Gas Pipe Line Company (“United”) submits this response as to each item on which the Court requested information.
1. The number of witnesses yet to be called and the nature of their testimony.
The witnesses United intends to call as a part of its responsive case are shown on the attached order of proof as filed on February 25, 1983. After the completion of Mr. Aubin’s testimony, United has 17 remaining witnesses to appear in person and 22 depositions to be used in whole or in part.
Most of United’s remaining witnesses are present or former company officials who will testify on liability issues raised by the plaintiffs, e.g., United’s conduct of its gas acquisition, gas supply, planning, sales and other company policies during the 1960’s and 1970’s. In addition, outside consultants — including representatives of other gas pipelines, producers, consulting petroleum engineers and governmental officials— will give expert testimony on United’s conduct of its affairs and the forces combining to bring about a natural gas shortage nationally and on United’s system. Finally, a number of witnesses will give fact and expert testimony on various components of the plaintiffs’ alleged damages.”
On the basis of the above two documents, the trial judge ruled defendant’s case inadmissible. The “ruling” was made without any prior objections to the evidence by plaintiffs, without any evidentiary hearings, and without any knowledge of the contents of the evidence. In so ruling, the trial judge excluded all of defendant’s evidence on the issue of damages.
Procedural due process is a fundamental constitutional right provided for in both the U.S. Constitution via operation of the 14th Amendment and in the Louisiana Constitution of 1974, Article I § 2. Right to a full and fair trial has consistently been upheld by both the United States Supreme Court and the Louisiana courts in a variety of situations:
1. Granting plaintiff’s motion for a directed verdict at the close of plaintiff’s case was a denial of due process because the granting of the directed verdict denied defendants’ right to present their case and háve their day in court. Jimcoily v. State Department of Highways, 361 So.2d 982 (App. 4th, 1978), writ denied, 363 So.2d 1384 (La., 1978); Miller v. N.O. P.S.I., 389 So.2d 107 (App.4th, 1980); Gunter v. Plauche, 399 So.2d 727 (App. 1st, 1981); Woods v. Cooper, 420 So.2d 503 (App.2d, 1982).
2. Denial of all of a defendant’s evidence on one particular issue has been *707 held violative of procedural due process. Georgia Railway and Electric Company v. Decatur, 295 U.S. 165, 55 S.Ct. 701, 79 L.Ed. 1365 (1935); Curro Underwriters, Inc. v. Guastella Construction Co., 195 So.2d 300 (App. 4th, 1967); Crescent River Pilot’s Association v. Heuer, 193 So.2d 276 (App. 4th, 1966); Saunder v. Shaw, 244 U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163 (1917).
3. Where defendant was denied inspection of the premises such that no evidence of damages could be presented by defendant. Hopkins v. Department of Highways, 350 So.2d 1271 (App. 3rd, 1977); Kennedy v. New Orleans Railway and Light Company, 142 La. 879, 77 So. 777 (1918); Bailey v. Fisher, 11 La.App. 187, 123 So. 166 (Orl.App., 1929).
4. Where the court has “changed horses in midstream” by deviating standards or otherwise treating parties in a less than even-handed manner. NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); King v. Finch, 428 F.2d 709 (5th Cir., 1970); Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951); Brinkerhoff-Faris Trust and Savings Co. v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930).
In reversing the Louisiana Supreme Court[1], Mr. Justice Holmes stated:
“He now brings this writ of error and says that he has been deprived of due process of law contrary to the Fourteenth Amendment, because the case has been decided against him without his ever having had the proper opportunity to present his evidence. Technically this is true, for when the trial court ruled that it was not open to the plaintiff to show that his land was not benefited, the defendant was not bound to go on and offer evidence that he contended was inadmissible, in order to rebut the testimony already ruled to be inadmissible in accordance with his view. The Chief Justice and Mr. Justice O’Niell were of opinion that the case should be remanded to the trial court, we presume upon the ground just stated. Probably the majority of the Supreme Court thought that it was so plain on the uncon-troverted facts that the case was within the principle of The Myles Salt Company [v. Iberia & St. M. Drainage Dist., 239 U.S. 478, 36 S.Ct. 204, 60 L.Ed. 392] Case that to remand it would be an empty form — a mere concession to technicality. It may turn out so, but we do not see in the record an absolute warrant for the assumption and therefore cannot be sure that the defendant’s rights are protected without giving him a chance to put his evidence in.” (Emphasis Supplied).
Accordingly, the judgment of the district court dated June 22, 1983 is vacated, annulled and set aside, the writ is granted and made peremptory. This matter is remanded for further proceedings with orders that defendant be allowed to present its case in full in open court.

. Saunders v. Shaw, supra, at 319, 37 S.Ct. at 639.