KLIEBERT, Judge.
The plaintiff, Ms. Peggy Childers, brought this suit against the defendant, Mr. Frederick W. Davis, an automobile repairman, for the inconvenience and the cost of repairing damages to her 1976 Porsche 912E automobile while it was in Mr. Davis’ custody. Following a judge trial, Mr. Davis was cast in judgment for $4,250.00 plus interest and costs. The trial judge did not give written reasons for the judgment, nor did his judgment specify how the damages were computed, nor which of the prayed for damages he intended to compensate the plaintiff for.
On this devolutive appeal, Mr. Davis urges three assignments of error: (1) the trial judge improperly decided the case pri- or to its submission; (2) damages for aggravation, distress and inconvenience were improperly included in the amount of the award, and (3) inadequate proof of the pecuniary damages to the Porsche. For the reasons hereafter stated, we affirm the trial judge.
We consider Mr. Davis’ first contention, i.e., the trial judge was premature in deciding the case. His contention is grounded in the following colloquy between the plaintiff’s counsel and the judge:
MR. DUNN:
I have one other witness. I would like to have Miss Childers under oath if they asked this bill be padded if the Court feels like it would like to hear it.
THE COURT:
That doesn’t make any difference. I will hear that witness at any day you can produce them.
Immediately prior to this colloquy, counsel for the defendant implied by his questions that the plaintiff had asked a repairman to pad his bill. Hence, as we interpret this colloquy, which occurred after defense counsel rested, the trial judge, without specifying a time limit for same, held the *694 case opened to permit plaintiffs counsel to bring in a rebuttal witness. For whatever reason plaintiff had, he elected not to produce the rebuttal witness. When plaintiff failed to produce the witness, the trial judge considered the case under submission and rendered judgment. The plaintiff does not complain of the judge’s action, but rather argues the case was in fact submitted to the trial judge for decision. Mr. Davis’ counsel complains but fails to show by argument or otherwise how his client had been prejudiced by the plaintiff or the judge’s action in considering the case submitted.
The situation here and that presented in Curro Underwriters, Inc. v. Guastella Construction Company, 195 So.2d 300 (La.App. 4th Cir.1967) urged by the defendant as supporting his contentions, are factually different. In Curro, supra, the trial judge’s action in continuing the case and ordering an audit report prevented the plaintiff from completing his examination of a witness and from fully presenting his case. Further, his failure to inform plaintiff of the filing of the report or furnishing a copy thereof to the litigants denied plaintiff due process of law. We concur with the holding of the Curro case, but hold here that Davis’ contentions are without merit because he fails to show how or in what manner he has been prejudiced by the judge’s action.
Before considering Davis’ two assignments of error as to the damage award it is necessary to first review the circumstances under which they arose.
Sometime prior to February 1979, Mr. Davis had repaired the clutch on Ms. Child-ers’ Porsche. In February 1979, at Ms. Childers’ request, he took possession of the Porsche to fix a damaged left front fender. The car was promptly returned to Ms. Childers, however, she was dissatisfied with the matching of the paint on the repaired fender to the paint on the rest of the vehicle. Mr. Davis took the vehicle back to make the required changes. Then, in May, 1979, while the auto was in the process of being returned to Ms. Childer’s by one of Mr. Davis’ employees, it skidded into an embankment on the interstate and sustained damage to the right rear section. Ms. Childers implies she learned of this only when she was notified by the Parish authorities that the auto was abandoned on the interstate. Mr. Davis subsequently assured her that the accident was covered by insurance and that the necessary repairs would be made.
The auto was again returned to Ms. Childers in August of 1979; however, she was again dissatisfied with the workmanship. She testified that there was difficulty in shifting the auto from second to third gear and that white smoke bellowed from under the hood. Also, she contends the auto had an additional 2,200 miles on the odometer. According to her, the car was returned to Davis to correct the problems.
Finally in December 1979, Ms. Childers became extremely dissatisfied with Mr. Davis’ efforts and decided to retrieve her car. She took the vehicle to Mr. Leon Greff, Jr., of Greff Motor, Inc., to estimate the cost of placing the car in its original condition. There was testimony showing a Porsche automobile was an expensive German sports car that was somewhat of a collector’s item and the keeping of it in tip-top condition was very important.
At trial, Mr. Greff testified that when the auto was brought to him he found that the car needed a new rear sway bar and that the transmission repairs were needed to correct the shifting problem, but he could not estimate the extent of the transmission damage until it was disassembled. He further testified that the damages to the transmission could have been occasioned by either driver abuse or a collision. He surmised a Porsche, being a rear engine auto, would more likely than not, encounter transmission problems as a result of a rear-end collision than in a front-end collision, and that if the damage was a result of driver abuse more likely than not the damage would have been caused by the person who had possession of the car within the last ten and a half months. (Mr. Davis was the prime possessor during this time peri *695 od.) His estimate of $1,161.85 for repairs was exclusive of hidden damages which might be found in the transmission.
Ms. Childers next took her auto to Fer-rand & Danigole, Inc. to have it repainted. She testified that the entire auto had to be repainted because it was practically impossible to now match the two repaired fenders to the rest of the automobile. Further, according to her testimony, Ferrand & Danigole, Inc. gave her an estimate of $2,112.79 to complete the paint job.
During the time Mr. Davis had Ms. Child-ers’ car, she continued to pay the monthly notes on the Porsche and during some periods rented substitute automobiles. Hence, she claims note payments as well as the rental payments as damages for the ten and one-half months Mr. Davis had possession of the car and was using it.
Mr. Davis denied the 2,200 additional miles had been placed on the Porsche odometer while it was in his possession. He did, however, admit he had used the car to go on a fishing trip and that some of his salesmen had used the car. According to Davis’ testimony, after the accident which damaged the right rear section, he had the car repaired by Guy’s Foreign Car Service and had paid them over $1,800.00 to repair the mechanical damage to the car.
The record contains no information as to how the trial judge arrived at the damage award of $4,250.00. The essence of Davis’ last two assignments of error is that the trial judge erred either in awarding damages for inconvenience and/or in computing the pecuniary damages.
In support of his contentions relative to damages for aggravation, distress and inconvenience, Mr. Davis cites Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). In the Toyota case damages were sought for the breach of a contract for repairs because an excessive amount of time was taken to repair the foreign car. Stating that it had never adopted a strict interpretation of La.C.C. Article 1934(5), the Supreme Court concluded damages for inconvenience and aggravation could not be recovered where the primary object of the contract was physical gratification, but could be recovered where the primary object of the contract was intellectual gratification. The case pointed out, however, that damages for mental anguish, aggravation, distress and inconvenience are recoverable in an action sounding in tort. Recovery in the Toyota case was denied because the contract had as its main object physical gratification.
Here Ms. Childers was seeking damages sounding in tort as well as those sounding in breach of contract. As was pointed out by the Supreme Court in the Toyota case, damages for aggravation and inconvenience are recoverable under La. C.C. art. 2315 where the action is one sounding in tort. Hence, the trial court could properly consider the aggravation and inconvenience an element of damages.
Therefore, we cannot say the trial court erred here. There is ample evidence in the record from which the trial judge could conclude the actual pecuniary loss sustained by Ms. Childers was not less than $3,275.00 ($1,162.00 for mechanical repairs and $2,114.00 for painting). Further, there is ample evidence to support an award of $1,000.00 for the rental cost of a substitute automobile and/or the unauthorized use of the automobile by Davis and his employees. Additionally, since the action here is one sounding in tort, in addition to one for breach of contract, an award of $1,000.00 for the unauthorized use of the vehicle and the mental anguish involved in obtaining possession of her vehicle would not be excessive.
For the reasons stated, therefore, the judgment of the trial judge is affirmed. All costs to be borne by the defendant-appellant.
AFFIRMED.