LOBRANO, Judge.
Plaintiffs Audrey Christophe Davidson and Geraldine Christophe Williams instituted this action for a partition of C <& C cleaners, a business, and for an accounting of the fruits of the business due by one co-owner in possession to other co-owners out of possession. The trial was bifurcated as to issues of liability and accounting. After defendant had started to present its case plaintiff moved for a directed verdict which the trial court granted. This judgment held that plaintiffs were the owners of an undivided one-fifth interest each in the business. From that judgment defendants have perfected this appeal.
The pertinent facts are as follows. On October 21, 1971, Mr. & Mrs. Christophe, parents of plaintiffs and defendants executed an authentic act of donation. The act of donation gave jointly to all five children the cleaning business which the Chris-tophe's had operated many years. On its face the authentic act provided that the donation was being made in consideration of love and affection for the five children and was donated co-jointly in full ownership. The act closes with the donees acknowledging delivery and possession of the property.
Following the act of donation, Mrs. Lot-ten as one of the donees and her husband took over the operation of the business which they had continued to operate until this date. Up until the time of the donors death, the Lotten’s paid rent to said donors every month. There was a dispute as to whether this was rent for the immovable property on which the business was located or whether it was the owners condition of the gift itself.
Plaintiffs have to date not shared in the expenses of the business nor have they reaped any of its profits. On March 31, 1983, approximately IIV2 years after the donation plaintiffs, two of the donees listed in the act of donation, filed the instant suit seeking to have their rights as co-owners recognized thru partition and accounting of the business.
At the trial plaintiffs introduced the authentic act of donation and rested. The defense called Mrs. Lotten to testify. During the middle of her testimony plaintiff made an objection to a question relating to the profitability of the business. A lengthy discussion then ensued between the trial judge and both attorneys the result of which was a ruling by the trial judge that defendant could not put on any further evidence and the granting of a motion for directed verdict in favor of plaintiff.
Defendant argues that the granting of a directed verdict under these circumstances was error constituting a violation of procedural due process. We agree. We have searched extensively for a procedural mechanism whereby this Court could consider the merits of the trial court’s decision, but we were unsuccessful.
The judgment is clearly not a summary judgment. Code of Civil Procedure Articles 966 thru 969 govern the procedures to be utilized when moving for a summary judgment. Those procedures were not complied with in the instant case.
The judgment is clearly not a judgment on the pleadings. Code of Civil Procedure Article 965 provides in part “... all allegations of fact in mover’s pleadings not denied by the adverse party ... shall be considered true.” Defendants, in their answer denied plaintiffs' allegations, therefore the trial court’s ruling cannot be considered under Article 965.
*171 In a non-jury case (such as the instant action), Code of Civil Procedure Article 1672(B) provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
The above cited article, which originally appeared as Section B of Article 1672 of the Code of Civil Procedure, has been correctly interpreted so as not to allow a plaintiff to move for a directed verdict which would in effect deprive a defendant of his day in court. “It offends the codal provision and all notions of justice to permit a plaintiff to obtain a directed verdict upon conclusion of his case in chief, without even permitting the defendant to present a defense.” Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir.1981) at 728, reversed on other grounds, 439 So.2d 437 (La.1983). The statute is clear that a directed verdict may be granted in favor of the defendant-moving party after the completion of plaintiffs case. It does not permit granting of a judgment in favor of plaintiff before defendant presents his case. Woods v. Cooper, 420 So.2d 503 (La.App. 2nd Cir.1982). See also, City of New Orleans v. United Gas Pipeline, 436 So.2d 704 (La.App. 4th Cir.1983).
Although we find it somewhat unclear from the brief or record exactly what the defendants intend to prove, simulation and/or implied modification of the donation are two areas that are argued. La.Civil Code Article 1848, as amended by Act 331 of 1984, is pertinent to these arguments. It provides:
“Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, the evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.”
We therefore conclude that the trial court was in error in ruling before defendant had the opportunity to present its case. Reluctantly, we remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.