SAUNDERS *v.* SHAW AND THE BOARD OF
DRAINAGE COMMISSIONERS OF THE BAYOU
TERRE–AUX–BOEUFS DRAINAGE DISTRICT
ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF
LOUISIANA.

No. 472.· Argued May 9, 1917.—Decided June 4, 1917.

It is a violation of due process of law for a state supreme court to re-
    verse a case and render judgment absolute against the party who
    succeeded in the trial court, upon a proposition of fact which was
    ruled to be immaterial at the trial and concerning which he had
    therefore no occasion and no proper opportunity to introduce his
    evidence.
In a suit to enjoin the collection of a drainage tax, evidence offered by
    the plaintiff to prove that his land could not be benefited by the
    drainage improvement was ruled to be inadmissible upon defendant's
    objection, but was spread upon the record as carried to the state
    supreme court upon appeal from the judgment in defendant's favor.
    The latter court, after affirming the judgment, reversed it on re-
    hearing and granted a permanent injunction against the tax upon
    finding from the answer and testimony before it that the land had
    not been and could not be benefited; and declined to consider de-
    fendant's application for further rehearing. *Held*, that in thus ren-
    dering judgment against the defendant without affording opportunity
    to introduce evidence upon the question of benefit there was a
    violation of due process of law, contrary to the Fourteenth Amend-
    ment.
Upon the sustaining of his objection to evidence upon the ground that
    the point to which it is directed is immaterial, a party is under no
    obligation to offer evidence to rebut that which was offered by his
    opponent and ruled to be inadmissible.
A claim that a judgment of a state supreme court violates rights under
    the Fourteenth Amendment is not too late, though first made by
    the assignment of errors presented to its Chief Justice when the writ
    of error from this court was granted, if the aggrieved party was under
    no duty to anticipate the state court's action before the judgment

was rendered and was afforded no opportunity afterwards to present the claim for its consideration.[1]

138 Louisiana, 917, reversed.

THE case is stated in the opinion.

*Mr. Wm. Winans Wall* for plaintiff in error.

*Mr. Frank L. Richardson,* with whom *Mr. Frank Soule* was on the brief, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit for an injunction against the collection of a drainage tax. The drainage district had issued bonds payable out of the tax and the plaintiff in error who held some of these bonds was allowed to intervene in defence. At the trial the plaintiff offered evidence to show that the land taxed was outside of the levee system that the drainage commissioners were building, that it would receive no benefit and really was an island or islands in the Gulf of Mexico. The defendant objected and the evidence was excluded as inadmissible under the pleadings, but it was spread upon the record and completed in order to carry the case to the Supreme Court. The defendant then put in testimony that the land was not in the Gulf of Mexico, and that the maps produced could not be relied upon for the depth of the water when water was indicated, but cross-examination to show the physical condition of the property was objected to—the defendants' position being that the question was not open, and that being the ruling of the court. Judgment was entered for the defendant

---

[1] REPORTER'S NOTE: Plaintiff in Error's petition for rehearing, mentioned in the opinion, is not copied in the record and *non constat* whether the federal right was there set up. *Semble,* that no opportunity was thus afforded to present the claim, because by the rule of the court, the door was closed against the petition, regardless of what it contained.

and intervenor and was affirmed on appeal by the Supreme Court. A rehearing was granted, however, and the court, observing that the answer and testimony showed that the land was low and marshy, had not been benefited or drained and could not be drained under the present system, held that the case was governed by *Myles Salt Co. v. Board of Commissioners of the Iberia & St. Mary Drainage District,* 239 U. S. 478, decided after the first decision in the present case; reversed the judgment and granted an injunction against the assessment upon this land.

The intervening defendant thereupon applied for a rehearing, but the court declined to consider the application under its rule that only one rehearing should be granted. He now brings this writ of error and says that he has been deprived of due process of law contrary to the Fourteenth Amendment, because the case has been decided against him without his ever having had the proper opportunity to present his evidence. Technically this is true, for when the trial court ruled that it was not open to the plaintiff to show that his land was not benefited, the defendant was not bound to go on and offer evidence that he contended was inadmissible, in order to rebut the testimony already ruled to be inadmissible in accordance with his view. The Chief Justice and Mr. Justice O'Niell were of opinion that the case should be remanded to the trial court, we presume upon the ground just stated. Probably the majority of the Supreme Court thought that it was so plain on the uncontroverted facts that the case was within the principle of *The Myles Salt Company's Case* that to remand it would be an empty form—a mere concession to technicality. It may turn out so, but we do not see in the record an absolute warrant for the assumption and therefore cannot be sure that the defendant's rights are protected without giving him a chance to put his evidence in.

The question remains whether the writ of error can be maintained. The record discloses the facts but does not disclose the claim of right under the Fourteenth Amendment until the assignment of errors filed the day before the Chief Justice of the State granted this writ. Of course ordinarily that would not be enough. But when the act complained of is the act of the Supreme Court, done unexpectedly at the end of the proceeding, when the plaintiff in error no longer had any right to add to the record, it would leave a serious gap in the remedy for infraction of constitutional rights if the party aggrieved in such a way could not come here. The defendant was not bound to contemplate a decision of the case before his evidence was heard and therefore was not bound to ask a ruling or to take other precautions in advance. The denial of rights given by the Fourteenth Amendment need not be by legislation. *Home Telephone & Telegraph Co. v. Los Angeles*, 227 U. S. 278. It appears that shortly after the Supreme Court had declined to entertain the petition for rehearing the plaintiff in error brought the claim of constitutional right to the attention of the Chief Justice of the State by his assignment of errors. We do not see what more he could have done.

*Judgment reversed.*