[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 910 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 911 
This is an appeal from a judgment of divorce, which went by default. The defendant filed a motion for a new trial on the next day after the judgment was rendered, and before it was signed, but the judge refused to grant a new trial. The only question therefore is whether the judge should have granted a new trial.
The ground for the divorce was that the parties had been living separate and apart for a period of two years or more. The plaintiff first sued for the divorce on the ground that he and his wife had been living separate and apart for a period of four years or more; and she filed an answer denying that she and her husband had been living separate and apart for four years. While the suit was pending, on May 27, 1938, Act No. 430 of 1938, allowing a divorce on the ground that the *Page 912 
parties have lived separate and apart for a period of two years or more, went into effect. Thereafter, the plaintiff moved to discontinue his suit, or to dismiss it as of nonsuit, intending to file this suit for a divorce on the ground that he and his wife had been living separate and apart for two years or more. The attorney who then represented the defendant objected to the dismissal of the suit unless the plaintiff paid the costs. The attorney for the plaintiff then wrote a letter to the attorney for the defendant, saying that he had heard that the defendant intended to file a reconventional demand, so as to prevent a dismissal of the suit. In his letter the attorney for the plaintiff said that the attorney for the defendant might rest assured that a new suit would be filed within a few days, and that the defendant would have an opportunity therefore to file her rule for alimony again; he said also that the discontinuance or dismissal of the suit would be at the expense of his client, and that, if the attorney for the defendant would send a memorandum of the costs which she had incurred, he, the attorney for the plaintiff, would forward a check for the amount. In his letter, the attorney for the plaintiff enclosed a copy of his motion to dismiss the suit as of nonsuit. The attorney for the defendant prepared a motion to tax as costs his fee of $150, and in the motion he asked that the suit should not be dismissed until the plaintiff paid the $150 plus $13.70 costs which the defendant had paid out. The attorney for the plaintiff accepted service of the motion, but it was never filed, because of an amicable adjustment of the defendant's demand for the payment of *Page 913 
her attorney's fee, and the costs which she had incurred. At the same time when the attorney for the defendant prepared the motion to prevent a dismissal of the first suit without the payment of her attorney's fee and the costs which she had incurred, he prepared a motion to be filed in the present case, to prevent its being proceeded with until the costs incurred in the first suit, and the defendant's attorney's fee, should be paid. The attorney for the plaintiff accepted service of the motion on Friday, October 14, 1938, and on that day wrote a letter to the attorney for the defendant, apologizing for having delayed the acceptance of service, and saying that, in accordance with a conversation which his secretary had had with the attorney for the defendant, he, the attorney for the plaintiff, would be prepared to try the motion on the next Friday, October 21, 1938. Meanwhile, however, the attorneys agreed upon a settlement and payment of the defendant's attorney's fee and the costs which she had incurred; and, on Thursday, October 27, 1938, the attorney for the plaintiff sent his check for the amount agreed upon, in a letter addressed to the attorney for the defendant and saying: "In accordance with our agreement, I enclose herewith check for $63.70, covering $50 agreed fees and $13.70 costs." That was the end of the negotiations between the attorneys and it cleared the way for the attorney for the plaintiff to proceed with this suit. On Wednesday, November 2, 1938, he entered a preliminary default, and on the next Monday, November 7, he confirmed the judgment by default. Inasmuch as a Saturday, half holiday, and a Sunday intervened, only *Page 914 
two legal days elapsed between the entering of the judgment by default and the confirmation thereof. The two days, however, were sufficient. On the next day, Tuesday, November 8, 1938, the attorney for the defendant, on being informed that a judgment by default had been entered and confirmed against his client, filed the motion for a new trial. In his motion he set up the facts which we have related, and he averred that there was a verbal agreement between the attorneys, — or at least an understanding on the part of the attorney for the defendant, — that he would have ten days in which to answer the suit, after the negotiations which had been going on were brought to an end by the payment of the defendant's attorney's fee and the costs which she had incurred.
In response to the motion for a new trial, the defendant pleaded that Rule XVI of the rules of court forbade the proving of a verbal agreement between the attorneys or the parties to the suit. And, reserving the benefit of the plea, the plaintiff denied that there was a verbal agreement between the attorneys, with regard to allowing time for the filing of an answer to the suit.
On the hearing of the motion for a new trial, counsel for the plaintiff objected to the introduction of any evidence to prove a verbal agreement between the attorneys; and in support of his objection he invoked Rule XVI, which provides:
"No agreement between attorneys or parties, in respect to the proceedings in a cause, will be noticed by the court, unless it be in writing, signed and filed with the papers as a part of the record." *Page 915 
The attorney for the defendant offered in evidence the letters written to him by the attorney for the plaintiff, which we have referred to, and he offered the documentary evidence which we have referred to, including the record in the first suit for a divorce. He offered to supplement this evidence with his own testimony to show that he had understood that he would have ten days in which to answer the suit, after the amicable negotiations were ended, October 27, 1938. All of this evidence was objected to by the attorney for the plaintiff, and the judge sustained the objection, on the ground that the proving of a verbal agreement would be violative of Rule XVI of the rules of the court. The judge allowed the attorney for the plaintiff to make the documents which he had offered in evidence a part of his bills of exception, or a part of the notes which were made in lieu of the bills of exception, according to the provisions of Act No. 61 of 1908.
Soon after the appeal was brought to this court the defendant employed the attorney who is representing her now, and the attorney who had represented her theretofore withdrew.
Our opinion is that the attorney who represented the defendant in the trial court should have been allowed to prove that his failure to file an answer to the suit was due to a misunderstanding on his part; that is, that his failure or omission was due to his understanding that a judgment by default would not be taken against his client without his having some warning after the amicable negotiations between the attorneys had come to an end, October 27, *Page 916 
1938. Rule XVI of the rules of the Civil District Court, which provides that verbal agreements between opposing counsel, in respect to the proceedings in a suit, will not be noticed, means that such agreements cannot be enforced by either party to the agreement without the consent of the other party. The rule does not stand in the way of the granting of a new trial, in the interest of justice, where a judgment has gone by default against the defendant because of a misunderstanding on the part of his or her attorney, resulting from verbal negotiations between the opposing counsel, — provided, of course, the motion for a new trial is filed within the time prescribed by law. In such cases the judge has unlimited authority and discretion in the matter of granting a new trial, in the sense that if he grants the new trial the exercise of his discretion in that way will not be interfered with by the appellate court. In fact there is no right of appeal from an order granting a new trial in such cases, although, of course, there is a right of appeal from the final judgment rendered after the new trial is had. Dresser v. Cox, 12 Mart., O.S., 536; Wheeler v. Joseph Maillot Co., 15 La.Ann. 659; McWillie v. Perkins, 20 La.Ann. 168; Joyce v. Nona Mills Co., 142 La. 934, 77 So. 854. In all of the cases in which this court has said that the district judge was invested with a wide discretion in the matter of granting a new trial in a case where judgment has gone against the defendant by default, and where the motion for a new trial is filed within the time prescribed by law, the judge granted the new trial. With one exception, there is no decision in our *Page 917 
jurisprudence in which this court has reversed a judgment of another court, granting the defendant a new trial in a case where judgment went by default, and where the motion for a new trial was filed within the time prescribed by law, and where the matter of granting or refusing the new trial was a matter within the discretion of the court, in the interest of justice. The exceptional case referred to was Stout v. Henderson, 157 La. 169,102 So. 193. In that case the judge of the district court refused to grant a new trial, and on appeal to the Court of Appeal the judgment was reversed and a new trial was granted. This court, on a writ of review, reversed the judgment of the court of appeal and reinstated and affirmed the judgment of the district court, refusing to grant the new trial. The decision that was quoted in support of the ruling in that case was Raphiel v. La. Ry. Nav. Co., 155 La. 590, 595, 99 So. 459, 461. In the Raphiel case, the motion which was overruled was not a motion for a new trial; it was a motion to reopen the case, and the motion was filed ten days after the judgment was signed and had become final, as far as the trial court was concerned. According to articles 546 and 548 of the Code of Practice a trial judge who has rendered a judgment has no authority whatever to grant a new trial, or to reopen the case, after the three judicial days which are allowed for the filing of a motion for a new trial have elapsed. The only remedy of the defendant then is to appeal from the judgment. Article 548 declares that when a judge has rendered a judgment he has no right or authority to amend it except in one of the modes *Page 918 
provided by law; which modes are declared in article 556 to be (1) by new trial, (2) by appeal, (3) by an action of nullity, and (4) by rescission. The decision rendered in the Raphiel case, therefore, is unquestionably correct, but it was not good authority for the decision rendered in Stout v. Henderson, supra.
It is not possible to reconcile the decision that was rendered in Stout v. Henderson, supra, with the more recent decision in Succession of Robinson (Opposition of Alexander), 186 La. 389,172 So. 429. In that case the court reviewed the jurisprudence on the subject, and pointed out that "in nearly all of the cases" the court had approved the lenient application, and had disapproved a harsh application, of the rule which vests a wide discretion in the district judges in the matter of granting a new trial in cases where a judgment has gone against the defendant by default, and where the application for a rehearing is filed within the time prescribed by law. The court pointed out, in the course of its opinion in the Succession of Robinson, supra, that the modern trend of the jurisprudence was to approve the meting out of justice upon the merits of a controversy rather than the defeating of justice by applying technical rules in the trial of lawsuits.
The evidence which the defendant offered on the hearing of the motion for a new trial, taken in connection with the facts shown by the pleadings, and not disputed, is sufficient to entitle the defendant to a new trial, without the verbal testimony which she tendered. The evidence leaves no doubt that it was by accident or *Page 919 
misunderstanding on the part of the attorney representing the defendant that she did not answer this suit immediately after the negotiations between the attorney who then represented her and the attorney representing the plaintiff were brought to a close. Hence it was by accident or misunderstanding on the part of the defendant's attorney that this judgment of divorce was rendered against her by default.
We are constrained, however, in setting aside the judgment appealed from, to remand the case for such further proceedings as may be appropriate and consistent with the opinion which we have rendered, instead of granting a new trial. We cannot sustain the motion for a new trial on the evidence which was tendered on the trial of the motion, because the plaintiff in the case, being the defendant in the motion for a new trial, did not offer any evidence on the hearing of the motion, because his objection to the evidence offered by the defendant, who was the plaintiff in the motion, was sustained, and the evidence was excluded. We must remand the case, therefore, in order that the plaintiff may offer evidence on the hearing of the motion for a new trial if he insists upon another hearing of the motion, and if he sees fit to offer evidence after the defendant in the suit, being the plaintiff in the motion, has introduced his evidence. It was held in Saunders v. Shaw, 244 U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163, that it was a denial of due process of law for this court to render a final judgment, in Shaw v. Board of Commissioners,138 La. 917, 70 So. 910, instead of remanding the case for further proceedings, when the court overruled *Page 920 
an objection to testimony, which objection had been sustained by the trial judge, and the sustaining of which objection had relieved the objector of the necessity of offering evidence in his behalf.
The judgment appealed from is annulled, and the case is ordered remanded to the civil district court for further proceedings consistent with the opinion which we have rendered. The costs heretofore incurred in the hearing of the motion for a new trial, and the costs of this appeal, are to be borne by the plaintiff, appellee; the question of liability for all other costs is to abide the final disposition of the case.
On Application for Revision of Decree.