The plaintiff in this case has filed a petition styled "Application for Revision of Decree." He does not ask for a rehearing, but asks merely that the decree rendered by this court be amended by omitting the declaration that the judgment appealed from is annulled, and by ordering merely that the trial judge shall admit in evidence, on the trial of the defendant's motion for a new trial, the documents and exhibits that were offered in evidence on the trial of the motion, and shall admit in evidence also such oral testimony as may be adduced and be relevant on the hearing of the motion for a new trial.
It is argued in the motion for an amendment or revision of our decree that, if the judgment appealed from is annulled or set aside, there is not only no necessity for a hearing of the motion for a new trial, but no possibility of considering the motion. *Page 921 
It is said that the purpose to be served by the motion for a new trial is accomplished, inferentially, by our annulling or setting aside the judgment of divorce.
Our annulling or setting aside the judgment of divorce, — which was the judgment appealed from, — merely reopens the case, in order that the trial judge shall hear and consider the motion for a new trial, and shall dispose of it either by granting or by refusing a new trial of the case on its merits. If the judge grants a new trial the defendant will then file her answer and the case will be heard on its merits. If the judge refuses to grant a new trial, after considering all of the evidence offered on the trial of the motion, he will not have another trial of the case on its merits, or allow the defendant to answer the suit, but will merely reinstate the judgment of divorce, on the evidence which was adduced on the confirmation of the judgment by default. Our annulling or setting aside the judgment appealed from does not have the effect of granting a new trial. It merely clears the way for the trial judge to hear and dispose of the motion for a new trial. We would have granted the new trial, on the showing that was made, if both parties to the suit had had an opportunity to introduce all of their evidence on the hearing of the motion for a new trial. This is explained fully in the opinion which we rendered on May 1, 1939, — and particularly in our reference to the case of Saunders v. Shaw, 244 U.S. 317, 37 S.Ct. 638, 61 L.Ed. 1163.
The reason why it is deemed necessary for an appellate court to set aside or *Page 922 
annul the judgment appealed from when the court remands a case to the trial court with instructions to hear and dispose of a motion for a new trial is that the appellate court is the only one that has the authority or jurisdiction to set aside a definitive judgment which has been signed by the trial judge and from which an appeal has been taken. It is so declared, substantially, in articles 546, 548 and 556 of the Code of Practice, — as we explained in the opinion which we rendered on May 1, 1939.
The first thing to be done in this case, in the trial court, is for the judge to hear and dispose of the motion for a new trial. It will not be in order for the defendant to file an answer to the suit before the motion for a new trial is disposed of.
The plaintiff's application for an amendment or a revision of the decree of this court is denied.