No. 124. SANDOVAL ET UX. *v.* RATTIKIN, TRUSTEE. Ct. Civ. App. Tex., 13th Sup. Jud. Dist. Certiorari denied. *Roger Butler, Luther E. Jones, Jr.,* and *John D. Cofer* for petitioners.

MR. JUSTICE FORTAS, with whom MR. JUSTICE DOUGLAS joins, dissenting from the denial of certiorari.

In my judgment, this petition presents important issues as to the scope of the requirement, derived from the Due Process Clause of the Fourteenth Amendment, that state courts in civil actions must afford to each litigant a "proper opportunity to present his evidence." *Saunders* v. *Shaw,* 244 U. S. 317, 319 (1917). Cf. *Western & Atl. R. Co.* v. *Henderson,* 279 U. S. 639 (1929); *Armstrong* v. *Manzo,* 380 U. S. 545 (1965); *Mullane* v. *Central Hanover Tr. Co.,* 339 U. S. 306 (1950).

Petitioners are illiterate indigents. They speak only Spanish. They and their five children have lived for many years on the meager homestead involved in this case. Petitioners executed a deed to the homestead. Respondent is assignee of this deed. Respondent brought this action and obtained a judgment confirming his title and possessory rights to the property under the deed. Petitioners seek review of the judgment of the Texas Court of Civil Appeals which affirmed this judgment.

At the trial, petitioners were represented by a Legal Aid attorney. The trial was perfunctory. After judgment was entered for respondent, petitioners obtained new counsel who filed a timely motion for new trial. This motion alleged that petitioners had a good and sufficient defense to the action: namely, that the "deed" was in truth a mortgage given to secure a debt and that respondent took with notice of this fact. The motion alleged that this defense was not adduced at trial because of the default of petitioners' Legal Aid counsel.

The trial court held an elaborate hearing on the motion for new trial. The Legal Aid lawyer who had represented petitioners at the trial testified candidly that he had not had adequate time to prepare the case, and that he was further handicapped by his inability to speak or understand Spanish.

Petitioners' counsel in this Court urge that, in the circumstances of this case, the refusal of the trial court to grant the timely motion for a new trial deprived petitioners of their rights under the Fourteenth Amendment. I believe that we should grant the writ and rule upon the question so presented.

To some extent, a lawyer's client like a doctor's patient must suffer the consequences of his champion's mistakes. But there are limits; and the courts are and should be quick to relieve the client of his lawyer's default whenever that is feasible and does not result in unfairness to others. See MR. JUSTICE BLACK's dissent from the denial of certiorari in *Santana* v. *United States, ante,* p. 848. Obviously, this principle applies to the defaults of lawyers made available to aid indigents. The measure of constitutional protection afforded citizens who are recipients of free legal services, whether provided by the State or by private charity, is not less than that available to those who pay their own way.

While the present case received the careful attention of both the trial court and the Court of Civil Appeals of Texas, for reasons stated at length in the dissenting opinion of Judge Sharpe in the Texas Court of Civil Appeals, I am of the opinion that this case deserves and requires the consideration of this Court. I would grant the petition.