YARRUT, Judge.
This is a suit to recover for work done on the residence of Defendant. Defendant was served and, after the delays for answering had expired, Plaintiff’s counsel obtained a default judgment, from which Defendant has taken this appeal.
Counsel for Defendant contends he had a verbal understanding with counsel for Plaintiff that he would have time to file his answer. Since verbal agreements between counsel are not admissible in evidence under Rule No. 14 of the First City Court, we must invoke the rule here and reject any consideration of Defendant’s contention with respect thereto.
The cases of Bell v. Holdcraft, La.App., 196 So. 379, and Elchinger v. Lacroix, 192 La. 908, 189 So. 572, upon which Appellant relies, are not apposite here. The Bell case did not concern the breach of an agreement between counsel for Plaintiff and Defendant, but rather a misunderstanding between Defendant and his counsel; the Defendant being under the impression that his counsel was going to timely answer the suit filed against him. In the Elchinger case, after the judgment was taken by default, Defendant moved for a new trial which was denied by the Trial Court; the granting of which was solely within its discretion. The Supreme Court held that since the new trial was timely applied for and a reasonable ground given for the misunderstanding that resulted in the default judgment, the Trial Court should have granted a new trial. The Supreme Court then annulled the judgment and remanded the case for a new trial.
 However, since the judgment was granted upon the testimony of Plaintiff alone, in the amount of $600.00, without any corroborating evidence, as required by LSA-C.C. Art. 2277 and the appeal taken timely by Defendant, the judgment should be annulled and the case remanded to give Defendant time to plead within the time allowed by law, dating from the time the record is lodged in the Clerk’s Office on remand. In case of Defendant’s failure to plead, Plaintiff must be given an opportunity, if proceeding by default, to supplement his own testimony by any admissible corroborating circumstance; assessment of costs to await final judgment.
Judgment annulled and case remanded.