

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-261-CV

ROY E. ADDICKS, JR.                                                   APPELLANT

V.

JOHN A. SICKEL AND BARRY                              APPELLEES
E. BILGER

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

This is Appellant Roy E. Addicks, Jr.'s[2] second appeal in this legal malpractice case. Addicks sued Appellees John A. Sickel and Barry E. Bilger, attorneys whom he had hired to handle his divorce and to file a lawsuit against a bank. In the first appeal, we affirmed the trial court's judgment for Appellees in part, but reversed the trial court's judgment in part and remanded for the trial

---

[1] *See* Tex. R. App. P. 47.4.

[2] Addicks is an inmate who is proceeding pro se in this appeal.

court to apply a four-year statute of limitations to Addicks's breach of contract claim. On remand, the trial court granted summary judgment for Appellees on this claim. In four issues on appeal, Addicks asserts that error occurred (1) when his motion to recuse the trial judge was denied, (2) when he was denied a Level 3 discovery control plan, (3) when the trial court and this court denied his motions for appointment of counsel, and (4) when the trial court failed to hold a trial on the merits. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Lawsuit[3]

In 1993 while Addicks was in prison, he received $186,633.12 in settlement of a personal injury claim. Addicks's wife filed for divorce, and Addicks hired Sickel to handle his divorce and signed a contract to that effect.

During discovery in the divorce suit, Addicks learned that his wife had spent all of his settlement money while he was in prison after a bank, Texas National Bank, N.A., allegedly erroneously turned the money over to her. Addicks decided to file a counter-petition for divorce in an effort to recoup his money from his wife and from those who had benefitted from the misspent

---

[3] The facts in this section are taken from the "Factual Background" set forth in our opinion of March 31, 2005. *Addicks v. Sickel*, No. 02-03-00218-CV, 2005 WL 737419, at *1 (Tex. App.—Fort Worth Mar. 31, 2005, no pet.).

2

monies. Addicks claimed that after a year of litigation, Sickle had not served the parties in the divorce from whom he was seeking to recoup his money.

Recognizing that Addicks might have a right of recovery against the bank, Sickle referred Addicks to attorney Barry E. Bilger to pursue that claim. Bilger filed suit, and in 1996, the case was mediated; both Sickel and Bilger attended the mediation with Addicks. Eventually, Addicks accepted a $70,000 settlement offer from the bank. Addicks asserted that his acceptance of this settlement offer was predicated on Sickel's promise to forego collection of the $7,000 that Addicks owed him for attorney's fees in the divorce case and to finalize the divorce proceedings without further charge. Sickel contended that he agreed not to charge Addicks any further fees if the divorce suit settled (which it did not) and that, in any event, Addicks was still responsible for paying costs.

The relationship between Addicks and Sickel deteriorated, and in December 1997, Addicks sent Sickel a letter discharging him. Sickel subsequently filed a motion to withdraw from the divorce case, and that motion was granted by the trial court. Sickel mailed a copy of the motion to Addicks, who remained imprisoned. Nine days later, in response to a letter from Addicks, Sickel wrote Addicks telling him that he was no longer interested in continuing his representation of Addicks in the divorce. Nonetheless, Addicks

filed a letter with the court opposing Sickel's motion to withdraw, which had been granted about forty-five days earlier. A year later, in December 1998, Addicks's divorce case was dismissed for want of prosecution. Addicks alleged that he learned of the dismissal in December 1999.

Based on these facts, Addicks sued Sickel and Bilger in March 2001 for breach of contract and legal malpractice. In February 2003, the trial court signed an order granting a partial summary judgment for Sickel and Bilger on all claims except the issue of breach of the alleged oral agreement between the parties at the mediation. The case proceeded to a bench trial, and the trial court signed a final judgment that Addicks take nothing and awarding attorney's fees to Sickel and Bilger in the amount of $12,000 and $17,500, respectively.

B.    The First Appeal

In his first appeal, Addicks challenged the take-nothing judgment entered against him. *Addicks*, 2005 WL 737419, at *1. We sustained one of Addicks's issues, holding that the four-year statute of limitations applied to Addicks's breach of contract claims, not the two-year statute of limitations. *Id.* at *2. Accordingly, we reversed the trial court's judgment in part and remanded Addicks's breach of contract claims to the trial court for application

4

of the correct statute of limitations. We affirmed the remainder of the trial court's judgment. *Id.* at *5.

C.     Proceedings in the Trial Court on Remand

On remand, the trial court requested briefing from the parties on (1) whether it should consider additional evidence on the breach of contract claims or simply review the evidence from the prior trial and apply the four-year statute of limitations and (2) the application of the four-year statute of limitations to the present facts. All parties filed trial briefs. The trial court thereafter concluded that there was nothing in our prior opinion that would prevent it from reviewing the record before it and the evidence offered at trial and then applying the four-year statute of limitations to the issue of the alleged breach of contract; therefore, it dispensed with any evidentiary proceedings. The trial court then found that Addicks had failed to prove his allegations of breach of contract against Bilger and Sickel by a preponderance of the evidence, denied all relief requested by Addicks, and granted summary judgment in favor of Appellees. This appeal followed.

III. NO ABUSE OF DISCRETION IN DENIAL OF MOTION TO RECUSE

In his first issue in this appeal, Addicks argues that his motion to recuse the trial judge was erroneously denied. Addicks argues that Judge Roy T. Sparkman exhibited personal or official bias or prejudice against him because

5

he is an inmate, because he is incarcerated for aggravated sexual assault, because Judge Sparkman exhibited extreme partiality during the first case, and because Addicks filed a complaint against Judge Sparkman with the Texas Commission on Judicial Conduct for allegedly violating the judicial canons.

We review the denial of a motion to recuse under an abuse of discretion standard on appeal. *See* Tex. R. Civ. P. 18a(f). The Texas Supreme Court has stated,

> '[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and opinions the judge forms during a trial do not necessitate recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240–41 (Tex. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)). "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* (quoting *Liteky*, 510 U.S. at 556, 114 S. Ct. at 1157).

Addicks's motion for recusal was premised on the following argument:

> 4. During the first "case set on the merits", the very same presiding Judge did in fact exhibit extreme partiality, personal bias, and other adverse factors against this plaintiff; in favor of the two defendants who are both licensed attorneys and plaintiff [is] an

6

incarcerated inmate with two life-sentences for aggravated sexual assault.

5. Plaintiff did in fact file a complaint against Honorable Judge Roy T. Sparkman, with the State Commission on Judicial Conduct which will weigh against plaintiff.

Visiting Judge Roger Towery heard Addicks's recusal motion. At the hearing, Addicks testified that he had filed a recusal motion because he had received defective notice of the original trial setting, because Judge Sparkman was not fair in adjudicating Addicks's rights at that trial, and because he did not believe that he would receive a fair and impartial trial in front of Judge Sparkman because of his status as an inmate. On cross-examination, Addicks admitted that any judge who dealt with him would be dealing with him as an inmate because he is serving two life sentences. Addicks also admitted that he had already raised his defective notice point in this court in his prior appeal and that this court had overruled it. At the conclusion of the hearing, Judge Towery stated,

> I don't see anything in the testimony or -- there are general allegations, but there's no specific testimony that would indicate bias or prejudice on the part of Judge Sparkman, and I don't find any basis for disqualification or recusal, and I'm going to deny your Motion for Recusal of Trial Judge.

After reviewing the record before us, we hold that Judge Towery did not abuse his discretion by denying Addicks's recusal motion. *See Trahan v. Lone*

*Star Title Co. of El Paso*, 247 S.W.3d 269, 277 (Tex. App.—El Paso 2007, pet. denied) (holding no abuse of discretion existed in denying motion to recuse on the basis of impartiality or personal bias and prejudice when there was an implicit finding that the trial judge did not display a high degree of favoritism); *In re Robinson*, No. 12-00-00354-CV, 2002 WL 335281, at *6 (Tex. App.—Tyler Feb. 28, 2002, no pet.) (not designated for publication) (holding that visiting judge did not abuse her discretion by denying motion to recuse when general allegations of bias were not supported by record). We overrule Addicks's first issue.

## IV. NO ABUSE OF DISCRETION BY FAILING TO ORDER LEVEL 3 DISCOVERY CONTROL PLAN

In his second issue, Addicks argues that the trial court erred by denying his motion for a Level 3 discovery control plan. Addicks complains that he "was denied his right to have all necessary documents, evidence, etc." But, discovery was completed and a trial was conducted in 2003. Addicks then appealed, and this court issued its opinion on March 31, 2005, remanding for the application of the four-year statute of limitations to Addicks's breach of contract claims. Approximately two years later, on May 25, 2007, the trial court issued an order setting the case for a non-jury trial on August 13, 2007.

It was not until after this order was issued that Addicks filed his motion for a Level 3 discovery control plan.

In his motion, Addicks argued that prison officials had forced him to discard his legal paperwork; he requested that he be permitted "to perform the whole range of discovery in which to prepare for trial." Appellees responded that there were other methods available to Addicks that would be far less burdensome on Appellees and that Addicks had not indicated that he had attempted to pursue any other less burdensome avenue of obtaining the sought-after discovery. Addicks then moved for a continuance alleging that he had not received adequate supplies, law library access, or time for discovery.[4] On the date that trial was scheduled, the trial court held a hearing on Addicks's motion for continuance.

Addicks was present at the hearing on his motion for continuance, and the trial court allowed Addicks to testify and to cross-examine Appellees. Addicks admitted that between March 2005, when this court's opinion issued, and July 2007, he had not done anything to prepare for trial. When the trial court attempted to pin down Addicks on what discovery remained to be done, Addicks said that he did not "know the specifics" and later said, "Well,

---

[4] ... Addicks did not serve his motion for continuance on Appellees.

anything related to the statute of limitations . . . . [A]ny documents or records that would establish -- you know, help me to establish the statute of limitations."

At the conclusion of this hearing, the trial court requested the previously mentioned briefing on (1) whether it should consider additional evidence on the breach of contract claims or simply review the evidence from the prior trial and (2) applying the four-year statute of limitations and on the application of the four-year statute of limitations to the present facts. The trial court also ordered the Texas Department of Corrections–Institutional Division not to destroy Addicks's legal documents and ordered the district clerk to provide Addicks with documents from the 2003 trial.

Addicks subsequently filed several motions for extensions of time and a motion for copies of court-filed documents and discovery. On September 26, 2007, the trial court granted Addicks until December 21, 2007 to obtain any documents that he needed and to file a brief to respond to the trial court's request for briefing on the issue of whether a trial was needed on the remanded issue. The trial court also specified that Addicks was free to request documents directly from the district clerk but would be required to make

satisfactory arrangements for payment.[5]  Addicks ultimately filed his trial brief

on January 7, 2008, continuing to argue that he did not have all the necessary

documents.[6]

As evidenced by the sequence of events set forth above, all discovery

had been completed prior to the 2003 hearing, four years before Addicks filed

his motion for a Level 3 discovery control plan.  Although Addicks complains

that the prison officials destroyed all of his legal paperwork while his appeal

was pending, it was not incumbent upon the trial court or Appellees to recreate

that paperwork for him.  Instead, as pointed out in the trial court's order

granting an extension, Addicks had the ability to request all court-filed

documents directly from the district clerk,[7] but he mistakenly kept propounding

discovery requests on the trial court until after the date of the trial setting.  The

---

[5] ... The trial court's order makes it sound like Addicks must pay for copies, but there are references in the record to the fact that he is indigent. Ultimately, this makes no difference because the same order also states that there is no proof that Addicks requested any documents from the district clerk.

[6] ... Although the record before us contains at least one letter from Addicks to the district clerk relating to his change of address, the record before us does not, however, contain any requests for discovery from Addicks to the district clerk between the trial court's September 26, 2007 order and the date that Addicks filed his trial brief.

[7] ... Although not the normal practice, Sickel testified that all discovery for this case was filed with the district clerk.

trial court attempted to work with Addicks by granting him extensions of time to gather whatever evidence he felt was necessary to make his argument.

After reviewing the record as a whole, we cannot say that the trial court abused its discretion by not ordering a Level 3 discovery control plan. There is nothing in Addicks's appellate brief to show how a Level 3 discovery control plan would have provided Addicks with any information not available to him from the discovery on file with the district clerk's office. Moreover, Addicks admits that he did not pursue any discovery at all during the two-year delay between the issuance of this court's opinion and the trial court's order setting the case for a trial on the remanded issue. *Cf. Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 327 (Tex. App.—Fort Worth 2007, pet. denied) (holding that trial court did not abuse its discretion by granting motions for summary judgment without first entering a level 3 discovery control order). We overrule Addicks's second issue.

## V. NOT ENTITLED TO APPOINTED COUNSEL

In his third issue, Addicks argues that the trial court and this court both erred by denying his motions for appointment of counsel. Addicks argues that because he is indigent and because this is allegedly a complex suit, both the trial court and this court should have appointed counsel to represent him.

We review a trial court's failure to appoint trial counsel in a civil case for an abuse of discretion. *See* Tex. Gov't Code Ann. § 24.016 (Vernon 2004); *Gibson v. Tolbert,* 102 S.W.3d 710, 712–13 (Tex. 2003). A civil litigant has no general constitutional right to appointed counsel.[8] *See Sandoval v. Rattikin,* 395 S.W.2d 889, 893–94 (Tex. Civ. App.—Corpus Christi 1965, writ ref'd n.r.e.), *cert. denied*, 385 U.S. 901 (1966). "[I]n some exceptional cases, the public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 594 (Tex. 1996). Whether exceptional circumstances warranting the appointment of counsel exist is determined on a case-by-case basis. *Gibson,* 102 S.W.3d at 713.

We cannot conclude that this breach of contract case presents exceptional circumstances that require the appointment of counsel. *See Teague v. Holiday Inn Express*, No. 03-00-00519-CV, 2001 WL 391551, at *2 (Tex. App.—Austin Apr. 19, 2001, pet. denied) (stating that appellant made no

---

[8] Cases involving juvenile delinquency, termination of parental rights, and court-ordered mental health services are exceptions to this general rule. *See* Tex. Fam. Code Ann. §§ 51.10, 107.013 (Vernon Supp. 2009); Tex. Health & Safety Code Ann. § 574.003 (Vernon 2003). None of the exceptions apply here.

showing that his breach of contract case against motel was the exceptional case that would justify the appointment of counsel), *cert. denied*, 535 U.S. 1061 (2002). Thus, we hold that neither the trial court, nor this court, abused its discretion by failing to make such an appointment. We therefore overrule Addicks's third issue.

## VI. Trial Court Not Required to Conduct a New Trial

In his fourth issue, Addicks argues that the trial court erred by not holding a trial on the merits of the remanded issue. Although Addicks's trial brief argues that the trial court should hear additional evidence because he was "ill prepared" for the 2003 trial—an issue disposed of in the prior appeal and which was not before the trial court on remand, Addicks himself admitted during the hearing on his motion for continuance that he had assumed that the trial court would rule on the remanded issue without him present.

Our judgment dated March 31, 2005 states that "[w]e reverse that portion of the trial court's judgment ordering that Addicks take nothing by his breach of contract claims and remand for further proceedings consistent with this opinion." The conclusion in the opinion dated March 31, 2005 states, "We reverse the trial court's judgment in part and remand for the application of the correct statute of limitations to the breach of contract causes of action in the original divorce and bank cases, as those have been denominated in this

14

opinion." *Addicks*, 2005 WL 737419, at *5. Nothing in our opinion or judgment reverses and remands "for a new trial." *Id.*; *cf. Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 117 (Tex. 1984) (remanding "for the purpose of a new trial"). Because our prior opinion did not require the trial court to conduct a trial on the remanded issue, we hold that the trial court did not abuse its discretion by failing to hold a trial and by deciding the remanded issue on the record before it. We overrule Addicks's fourth issue.

VII. CONCLUSION

Having overruled Addicks's four issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: December 10, 2009