COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-08-261-CV

 

ROY E.
ADDICKS, JR.                                                                  APPELLANT

 

   V.

 

JOHN A. SICKEL AND BARRY                                                        APPELLEES



E. BILGER

                                              ------------

 

             FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








This is
Appellant Roy E. Addicks, Jr.=s[2]
second appeal in this legal malpractice case. 
Addicks sued Appellees John A. Sickel and Barry E. Bilger, attorneys
whom he had hired to handle his divorce and to file a lawsuit against a
bank.  In the first appeal, we affirmed
the trial court=s judgment for Appellees in
part, but reversed the trial court=s
judgment in part and remanded for the trial court to apply a four-year statute
of limitations to Addicks=s breach of contract claim.  On remand, the trial court granted summary
judgment for Appellees on this claim.  In
four issues on appeal, Addicks asserts that error occurred (1) when his motion
to recuse the trial judge was denied, (2) when he was denied a Level 3
discovery control plan, (3) when the trial court and this court denied his
motions for appointment of counsel, and (4) when the trial court failed to hold
a trial on the merits.  We will affirm.

II.  Factual
and Procedural Background

A.     The Underlying Lawsuit[3]

In 1993
while Addicks was in prison, he received $186,633.12 in settlement of a
personal injury claim.  Addicks=s wife
filed for divorce, and Addicks hired Sickel to handle his divorce and signed a
contract to that effect.








During
discovery in the divorce suit, Addicks learned that his wife had spent all of
his settlement money while he was in prison after a bank, Texas National Bank,
N.A., allegedly erroneously turned the money over to her.  Addicks decided to file a counter-petition
for divorce in an effort to recoup his money from his wife and from those who
had benefitted from the misspent monies. 
Addicks claimed that after a year of litigation, Sickle had not served the
parties in the divorce from whom he was seeking to recoup his money.  

Recognizing
that Addicks might have a right of recovery against the bank, Sickle referred
Addicks to attorney Barry E. Bilger to pursue that claim.  Bilger filed suit, and in 1996, the case was
mediated; both Sickel and Bilger attended the mediation with Addicks.  Eventually, Addicks accepted a $70,000
settlement offer from the bank.  Addicks
asserted that his acceptance of this settlement offer was predicated on Sickel=s
promise to forego collection of the $7,000 that Addicks owed him for attorney=s fees
in the divorce case and to finalize the divorce proceedings without further
charge.  Sickel contended that he agreed
not to charge Addicks any further fees if the divorce suit settled (which it
did not) and that, in any event, Addicks was still responsible for paying
costs.








The
relationship between Addicks and Sickel deteriorated, and in December 1997,
Addicks sent Sickel a letter discharging him. 
Sickel subsequently filed a motion to withdraw from the divorce case,
and that motion was granted by the trial court. 
Sickel mailed a copy of the motion to Addicks, who remained
imprisoned.  Nine days later, in response
to a letter from Addicks, Sickel wrote Addicks telling him that he was no
longer interested in continuing his representation of Addicks in the
divorce.  Nonetheless, Addicks filed a
letter with the court opposing Sickel=s motion
to withdraw, which had been granted about forty-five days earlier.  A year later, in December 1998, Addicks=s
divorce case was dismissed for want of prosecution.  Addicks alleged that he learned of the
dismissal in December 1999.

Based on
these facts, Addicks sued Sickel and Bilger in March 2001 for breach of
contract and legal malpractice.  In
February 2003, the trial court signed an order granting a partial summary
judgment for Sickel and Bilger on all claims except the issue of breach of the
alleged oral agreement between the parties at the mediation.  The case proceeded to a bench trial, and the
trial court signed a final judgment that Addicks take nothing and awarding
attorney=s fees
to Sickel and Bilger in the amount of $12,000 and $17,500, respectively.

B.     The First Appeal








In his
first appeal, Addicks challenged the take-nothing judgment entered against
him.  Addicks, 2005 WL 737419, at
*1.  We sustained one of Addicks=s
issues, holding that the four-year statute of limitations applied to Addicks=s breach
of contract claims, not the two-year statute of limitations.  Id. at *2.  Accordingly, we reversed the trial court=s
judgment in part and remanded Addicks=s breach
of contract claims to the trial court for application of the correct statute of
limitations.  We affirmed the remainder
of the trial court=s judgment.  Id. at *5.

C.     Proceedings in the Trial Court on
Remand

On
remand, the trial court requested briefing from the parties on (1) whether it
should consider additional evidence on the breach of contract claims or simply
review the evidence from the prior trial and apply the four-year statute of
limitations and (2) the application of the four-year statute of limitations to
the present facts.  All parties filed
trial briefs.  The trial court thereafter
concluded that there was nothing in our prior opinion that would prevent it
from reviewing the record before it and the evidence offered at trial and then
applying the four-year statute of limitations to the issue of the alleged breach
of contract; therefore, it dispensed with any evidentiary proceedings.  The trial court then found that Addicks had
failed to prove his allegations of breach of contract against Bilger and Sickel
by a preponderance of the evidence, denied all relief requested by Addicks, and
granted summary judgment in favor of Appellees. 
This appeal followed.

III.  No Abuse
of Discretion in Denial of Motion to Recuse








In his
first issue in this appeal, Addicks argues that his motion to recuse the trial
judge was erroneously denied.  Addicks
argues that Judge Roy T. Sparkman exhibited personal or official bias or
prejudice against him because he is an inmate, because he is incarcerated for
aggravated sexual assault, because Judge Sparkman exhibited extreme partiality
during the first case, and because Addicks filed a complaint against Judge
Sparkman with the Texas Commission on Judicial Conduct for allegedly violating
the judicial canons. 

We
review the denial of a motion to recuse under an abuse of discretion standard
on appeal.  See Tex. R. Civ. P.
18a(f).  The Texas Supreme Court has
stated,

>[J]udicial
rulings alone almost never constitute a valid basis for a bias or partiality
motion,= and
opinions the judge forms during a trial do not necessitate recusal >unless
they display a deep-seated favoritism or antagonism that would make fair
judgment impossible.  Thus, judicial
remarks during the course of a trial that are critical or disapproving of, or
even hostile to, counsel, the parties, or their cases, ordinarily do not
support a bias or partiality challenge.=

Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 240B41 (Tex.
2001) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct.
1147, 1157 (1994)).  AA judge=s
ordinary efforts at courtroom administrationCeven a
stern and short-tempered judge=s
ordinary efforts at courtroom administrationCremain
immune.@  Id. (quoting Liteky, 510 U.S.
at 556, 114 S. Ct. at 1157).

Addicks=s motion
for recusal was premised on the following argument:








4.  During the first Acase set on the merits@, the very same presiding
Judge did in fact exhibit extreme partiality, personal bias, and other adverse
factors against this plaintiff; in favor of the two defendants who are both
licensed attorneys and plaintiff [is] an incarcerated inmate with two
life-sentences for aggravated sexual assault.

 

5.  Plaintiff did in fact file a complaint
against Honorable Judge Roy T. Sparkman, with the State Commission on Judicial
Conduct which will weigh against plaintiff. 

 

Visiting
Judge Roger Towery heard Addicks=s
recusal motion.  At the hearing, Addicks
testified that he had filed a recusal motion because he had received defective
notice of the original trial setting, because Judge Sparkman was not fair in
adjudicating Addicks=s rights at that trial, and
because he did not believe that he would receive a fair and impartial trial in
front of Judge Sparkman because of his status as an inmate.  On cross-examination, Addicks admitted that
any judge who dealt with him would be dealing with him as an inmate because he
is serving two life sentences.  Addicks
also admitted that he had already raised his defective notice point in this
court in his prior appeal and that this court had overruled it.  At the conclusion of the hearing, Judge
Towery stated, 

I don=t see anything in the
testimony or -- there are general allegations, but there=s no specific testimony
that would indicate bias or prejudice on the part of Judge Sparkman, and I don=t find any basis for
disqualification or recusal, and I=m going to deny your Motion for Recusal of Trial
Judge. 

 








After
reviewing the record before us, we hold that Judge Towery did not abuse his
discretion by denying Addicks=s
recusal motion.  See Trahan v. Lone
Star Title Co. of El Paso, 247 S.W.3d 269, 277 (Tex. App.CEl Paso
2007, pet. denied) (holding no abuse of discretion existed in denying motion to
recuse on the basis of impartiality or personal bias and prejudice when there
was an implicit finding that the trial judge did not display a high degree of
favoritism); In re Robinson, No. 12-00-00354-CV, 2002 WL 335281, at *6
(Tex. App.CTyler Feb. 28, 2002, no pet.)
(not designated for publication) (holding that visiting judge did not abuse her
discretion by denying motion to recuse when general allegations of bias were
not supported by record).  We overrule
Addicks=s first
issue.

IV.  No Abuse of Discretion by Failing

to
Order Level 3 Discovery Control Plan

 








In his
second issue, Addicks argues that the trial court erred by denying his motion
for a Level 3 discovery control plan. 
Addicks complains that he Awas
denied his right to have all necessary documents, evidence, etc.@  But, discovery was completed and a trial was
conducted in 2003.  Addicks then
appealed, and this court issued its opinion on March 31, 2005, remanding for
the application of the four-year statute of limitations to Addicks=s breach
of contract claims.  Approximately two
years later, on May 25, 2007, the trial court issued an order setting the case
for a non-jury trial on August 13, 2007. 
It was not until after this order was issued that Addicks filed his
motion for a Level 3 discovery control plan.

In his
motion, Addicks argued that prison officials had forced him to discard his
legal paperwork; he requested that he be permitted Ato
perform the whole range of discovery in which to prepare for trial.@  Appellees responded that there were other
methods available to Addicks that would be far less burdensome on Appellees and
that Addicks had not indicated that he had attempted to pursue any other less
burdensome avenue of obtaining the sought-after discovery.  Addicks then moved for a continuance alleging
that he had not received adequate supplies, law library access, or time for
discovery.[4]  On the date that trial was scheduled, the
trial court held a hearing on Addicks=s motion
for continuance. 








Addicks
was present at the hearing on his motion for continuance, and the trial court
allowed Addicks to testify and to cross-examine Appellees.  Addicks admitted that between March 2005,
when this court=s opinion issued, and July 2007,
he had not done anything to prepare for trial. 
When the trial court attempted to pin down Addicks on what discovery
remained to be done, Addicks said that he did not Aknow the
specifics@ and later said, AWell,
anything related to the statute of limitations . . . . [A]ny
documents or records that would establish -- you know, help me to establish the
statute of limitations.@ 

At the
conclusion of this hearing, the trial court requested the previously mentioned
briefing on (1) whether it should consider additional evidence on the breach of
contract claims or simply review the evidence from the prior trial and (2)
applying the four-year statute of limitations and on the application of the
four-year statute of limitations to the present facts.  The trial court also ordered the Texas
Department of CorrectionsBInstitutional Division not to
destroy Addicks=s legal documents and ordered
the district clerk to provide Addicks with documents from the 2003 trial.  








Addicks
subsequently filed several motions for extensions of time and a motion for
copies of court-filed documents and discovery. 
On September 26, 2007, the trial court granted Addicks until December
21, 2007 to obtain any documents that he needed and to file a brief to respond
to the trial court=s request for briefing on the
issue of whether a trial was needed on the remanded issue.  The trial court also specified that Addicks
was free to request documents directly from the district clerk but would be
required to make satisfactory arrangements for payment.[5]  Addicks ultimately filed his trial brief on
January 7, 2008, continuing to argue that he did not have all the necessary
documents.[6]









As
evidenced by the sequence of events set forth above, all discovery had been
completed prior to the 2003 hearing, four years before Addicks filed his motion
for a Level 3 discovery control plan. 
Although Addicks complains that the prison officials destroyed all of
his legal paperwork while his appeal was pending, it was not incumbent upon the
trial court or Appellees to recreate that paperwork for him.  Instead, as pointed out in the trial court=s order
granting an extension, Addicks had the ability to request all court-filed
documents directly from the district clerk,[7]
but he mistakenly kept propounding discovery requests on the trial court until
after the date of the trial setting.  The
trial court attempted to work with Addicks by granting him extensions of time
to gather whatever evidence he felt was necessary to make his argument.

After
reviewing the record as a whole, we cannot say that the trial court abused its
discretion by not ordering a Level 3 discovery control plan.  There is nothing in Addicks=s
appellate brief to show how a Level 3 discovery control plan would have
provided Addicks with any information not available to him from the discovery
on file with the district clerk=s
office.  Moreover, Addicks admits that he
did not pursue any discovery at all during the two-year delay between the
issuance of this court=s opinion and the trial court=s order
setting the case for a trial on the remanded issue.  Cf. Allen v. United of Omaha Life Ins. Co.,
236 S.W.3d 315, 327 (Tex. App.CFort
Worth 2007, pet. denied) (holding that trial court did not abuse its discretion
by granting motions for summary judgment without first entering a level 3
discovery control order).  We overrule
Addicks=s second
issue.

V.  Not
Entitled to Appointed Counsel

In his
third issue, Addicks argues that the trial court and this court both erred by
denying his motions for appointment of counsel. 
Addicks argues that because he is indigent and because this is allegedly
a complex suit, both the trial court and this court should have appointed
counsel to represent him.








We
review a trial court=s failure to appoint trial
counsel in a civil case for an abuse of discretion.  See Tex. Gov=t Code
Ann. ' 24.016
(Vernon 2004); Gibson v. Tolbert, 102 S.W.3d 710, 712B13 (Tex.
2003).  A civil litigant has no general
constitutional right to appointed counsel.[8]  See Sandoval v. Rattikin, 395 S.W.2d
889, 893B94 (Tex.
Civ. App.CCorpus Christi 1965, writ ref=d
n.r.e.), cert. denied, 385 U.S. 901 (1966).  A[I]n
some exceptional cases, the public and private interests at stake are such that
the administration of justice may best be served by appointing a lawyer to
represent an indigent civil litigant.@  Travelers Indem. Co. of Conn. v. Mayfield,
923 S.W.2d 590, 594 (Tex. 1996).  Whether
exceptional circumstances warranting the appointment of counsel exist is
determined on a case-by-case basis.  Gibson,
102 S.W.3d at 713.








We
cannot conclude that this breach of contract case presents exceptional
circumstances that require the appointment of counsel.  See Teague v. Holiday Inn Express, No.
03-00-00519-CV, 2001 WL 391551, at *2 (Tex. App.CAustin
Apr. 19, 2001, pet. denied) (stating that appellant made no showing that his
breach of contract case against motel was the exceptional case that would
justify the appointment of counsel), cert. denied, 535 U.S. 1061 (2002).
Thus, we hold that neither the trial court, nor this court, abused its
discretion by failing to make such an appointment.  We therefore overrule Addicks=s third
issue.

VI.  Trial
Court Not Required to Conduct a New Trial

In his
fourth issue, Addicks argues that the trial court erred by not holding a trial
on the merits of the remanded issue. 
Although Addicks=s trial brief argues that the
trial court should hear additional evidence because he was Aill
prepared@ for the
2003 trialCan issue disposed of in the
prior appeal and which was not before the trial court on remand, Addicks
himself admitted during the hearing on his motion for continuance that he had
assumed that the trial court would rule on the remanded issue without him
present. 








Our
judgment dated March 31, 2005 states that A[w]e
reverse that portion of the trial court=s
judgment ordering that Addicks take nothing by his breach of contract claims
and remand for further proceedings consistent with this opinion.@  The conclusion in the opinion dated March 31,
2005 states, AWe reverse the trial court=s
judgment in part and remand for the application of the correct statute of
limitations to the breach of contract causes of action in the original divorce
and bank cases, as those have been denominated in this opinion.@  Addicks, 2005 WL 737419, at
*5.  Nothing in our opinion or judgment
reverses and remands Afor a new trial.@  Id.; cf. Acord v. Gen. Motors Corp.,
669 S.W.2d 111, 117 (Tex. 1984) (remanding Afor the
purpose of a new trial@).  Because our prior opinion did not require the
trial court to conduct a trial on the remanded issue, we hold that the trial
court did not abuse its discretion by failing to hold a trial and by deciding
the remanded issue on the record before it. 
We overrule Addicks=s fourth
issue.

VII. 
Conclusion

Having
overruled Addicks=s four issues, we affirm the
trial court=s judgment.

 

        SUE WALKER

        JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED:  December 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Addicks is an inmate who
is proceeding pro se in this appeal.





[3]The facts in this section
are taken from the AFactual Background@ set forth in our opinion
of March 31, 2005.  Addicks v. Sickel,
No. 02-03-00218-CV, 2005 WL 737419, at *1 (Tex. App.CFort Worth Mar. 31, 2005,
no pet.).





[4]Addicks did not serve his
motion for continuance on Appellees.





[5]The trial court=s order makes it sound
like Addicks must pay for copies, but there are references in the record to the
fact that he is indigent.  Ultimately,
this makes no difference because the same order also states that there is no
proof that Addicks requested any documents from the district clerk.





[6]Although the record
before us contains at least one letter from Addicks to the district clerk
relating to his change of address, the record before us does not, however,
contain any requests for discovery from Addicks to the district clerk between
the trial court=s September 26, 2007
order and the date that Addicks filed his trial brief.





[7]Although not the normal
practice, Sickel testified that all discovery for this case was filed with the
district clerk.





[8]Cases involving juvenile
delinquency, termination of parental rights, and court-ordered mental health
services are exceptions to this general rule. See Tex. Fam. Code Ann. '' 51.10, 107.013 (Vernon
Supp. 2009); Tex. Health & Safety Code Ann. ' 574.003 (Vernon
2003).  None of the exceptions apply
here.