GUIDRY, Justice,
concurs and assigns reasons.
Iil concur in the majority decision today, and write separately to draw attention to the majority’s correct statement regarding the discretionary authority of the trial court to order a new trial under La. C.C.P. art. 1973: while a trial court has much discretion in denying or granting a new trial, it must state an articulable reason or reasons supporting the exercise of its discretionary powers. Under La. C.C.P. art. 1973, the trial court is granted the discretionary authority to order a new trial “in any case if there is good ground therefor, except as otherwise provided by law.” As the majority explains, a new trial may be ordered pursuant to La. C.C.P. art. 1973 when the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice. Ante, p. 65-66 (citing Horton v. Mayeaux, 05-1704 (La. 5/30/06), 931 So.2d 338, 344; Lamb v. Lamb, 430 So.2d 51, 53 (La. 1983)).
Recently, this court suggested the trial court has “virtually unlimited discretion to grant a new trial.... ” See Horton, 05-1704, p. 10, 931 So.2d at 344 (“when a district court is convinced that a miscarriage of justice has occurred, it has virtually unlimited discretion to grant a new trial, and unless an abuse of discretion can be demonstrated, a trial court’s action in granting or denying a new trial on discretionary grounds will not be reversed.”)(internal citations and ^quotations removed). But the Horton court relied on decisions of the courts of appeal using this phrase. See Johnson v. Missouri Pac. R.R. Co., 2000-0980, p. 5 (La.App. 3 Cir. 7/25/01), 792 So.2d 892, 896 (“A trial court has virtually unlimited discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted ....”); Capitol Nursing Home, Inc. v. Nixon, 1999-0378, p. 6 (La.App. 1 Cir. 3/31/00), 764 So.2d 1016, 1019 (“A trial court has virtually unlimited discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted ....”), These two cases had in turn cited another appellate decision, Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries, 95-0484, p. 3 (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 526 (“A trial court has virtually unlimited discretion to grant a new trial when it is convinced that a miscarriage of justice has resulted .... ”).
Although the majority opinion cites Horton, it correctly, in my view, relies on language in the Official Revision Comments to Code of Civil Procedure Articles 1971 through 1973, and this court’s prior decision in Lamb, when it states: “this court has recognized that the district court has much discretion in determining whether a new trial should be granted pursuant to Article 1973. Lamb, 430 So.2d at 53; see also La. C.C.P. art. 1971, Official Comment (d).” Ante, p. 66.
Subsection (d) of the Official Revision Comments to Arts. 1971 Through 1973-1960 provides as follows (emphasis added):
*80 (d) Art. 560 of the 1870 Code lists the peremptory grounds for new trial. Art. 558 sets forth a discretionary provision for granting new trial. This Code adopts a similar form of presentation by providing for peremptory grounds in Art. 1972, infra, and the discretionary provision in Art. 1973, infra.
Although the trial judge has much discretion regarding applications for new trial, in a case of manifest abuse the appellate court will not hesitate to set the trial court’s ruling aside, or grant a new trial when timely applied for. Succession of Robinson, 186 La. 389, 172 So. 429 (1937) Cf. Elchinger v. Lacroix, 192 La. 908, 189 So. 572 (1939); Weinberger Sales Co. v. Truett, 2 So.2d 699 (La. App.1941).
In Lamb, after the trial court denied a motion for new trial and the court of appeal affirmed, the court found the trial court had abused its discretion under La. C.C.P. art. 1973 by failing to grant a new trial. Id. at 51. To describe the tidal court’s discretion, the Lamb opinion stated:
We have recognized that the court has much discretion regarding this determination. However, this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse.”
Id. at 53 (emphasis added). The Lamb court cited the Official Revision Comments to Article 1971-1973, as well as two Supreme Court cases, none of which used the phrase “unlimited discretion.” Further, at least one commentator, citing Lamb, has recognized that “[e]ven when none of the peremptory grounds for new trial exists, the judge nevertheless has ‘wide’ discretion to grant a new trial.” Frank L. Ma-raist, New trial: requisites, 1 LA. CIV. L. TREATISE, CIVIL PROCEDURE § 13:2 (2d ed.).
In sum, then, I agree with the majority’s statement that this court reviews the ruling of the district court on a motion for new trial under La. C.C.P. art. 1973 to determine whether the district court has abused its much discretion in granting or denying a motion for new trial. The trial court must state an articulable reason or reasons as to why it is exercising its discretionary powers, or in the words of La. C.C.P. art. 1973, “a good ground therefor... .” The trial court’s action in granting or denying a new trial on discretionary grounds will not be overturned unless an abuse of discretion can be demonstrated. See Ante, pp. 66-67.
Although I agree with the majority’s statement of the law, I would go further and overrule Horton v. Mayeaux to the extent that it incorrectly provides that a trial court has “virtually unlimited discretion to grant a new trial.” See Horton, 05-1704, 931 So.2d at 344. In my view, that phrase in Horton, given its uncertain origins, promotes confusion, is inconsistent with La. C.C.P. art 1973, and is, frankly, an incorrect statement of the law. In my view, the court should have taken this opportunity to remove that unfortunate phrase from our jurisprudence.
Nevertheless, with the correct standard of review in mind, I concur in the majority’s determination that the district court here, under these particular facts, did not abuse its much discretion in granting a new trial under La. C.C.P. art. 1973, although the margin was extremely close.